UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DeAndre Crawford (M-30080), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18 C 4882 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| Lt. Charles Best, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff DeAndre Crawford, a prisoner at Stateville Correctional Center, brings this *pro se* civil rights action, 42 U.S.C. § 1983, alleging unconstitutional living conditions and retaliatory conduct after he submitted a grievance in 2016. Pending are Crawford's application to proceed *in forma pauperis* and his complaint for initial review.

Crawford has demonstrated that he cannot prepay the filing fee, so the application to proceed *in forma pauperis* is granted. Under 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Crawford to immediately pay (and the facility having custody of him to automatically remit) $1.33 to the Clerk of Court for payment of the initial partial filing fee and (2) Crawford to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the Clerk to ensure that a copy of this order is mailed to each facility where Crawford is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and should clearly identify Crawford's name and the case number assigned to this case.

The Court next considers the complaint. Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen *pro se* prisoners' complaints and dismiss them if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must

"give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

Crawford alleges that on February 17, 2016, he did not have any hot water in his cell and the cold water began to run constantly and would not shut off. R. 1 at 4. Crawford informed Correctional Officer Peanut and Lieutenant Bennett about the issue but neither submitted a work order to have the plumbing fixed. *Id.* at 4-5. On February 25, 2016, Crawford informed Correctional Officer Cannahan about the plumbing issue and he also failed to submit a work order to have the issue fixed. *Id.* at 5. Crawford further informed Correctional Officer Anastacio about the plumbing issues and he also did not submit a work order. *Id.*

At some point, Crawford spoke with Chief Engineer Doly about the plumbing issue. *Id.* at 6. Doly refused to fix the sink, telling Crawford that he needed a work order to do so. *Id.* The constant running water and the noise it made caused Crawford to lose sleep and had a negative impact on his mental health. *Id.*

At some point, Crawford was issued a disciplinary ticket by Anastacio, Cannahan, and Correctional Officer Ragusa "in retaliation for filing a grievance against Anastacio and Cannahan for his sink." *Id.* Crawford's disciplinary report went before a hearing board that included Lieutenant Charles Best and W. Venerable. *Id.* at 7. Best and Venerable found Crawford guilty "of trumped up charges" and required Crawford to pay $5.06 in restitution for the alleged bed sheet Crawford destroyed. *Id.* Anna McBee denied Crawford's appeal of his and/or the disciplinary hearing finding of guilty. *Id.*

On July 12, 2016, Crawford informed Peanut and Anastacio that his mattress had been removed from his cell during a shake down. *Id.* at 8-9. Neither Peanut nor Anastacio provided Crawford a mattress. *Id.* at 8. Over the next few days, Crawford also informed Lieutenant Burkbile, Cannahan, Sergeant Whitfield, and Lieutenant Bennett about needing a mattress, but to no avail. *Id.* at 9-10. On July 17, 2016, Correctional Officer Moreno provided Crawford a mattress. *Id.* at 10. But the mattress had "mase" on it so Moreno gave Crawford some extra pillows. *Id.* Crawford continued trying to get a proper mattress, asking Sergeant Hart, Sergeant Heplin, and Lieutenant Burkbile for a proper mattress, again to no avail. *Id.* at 10-11. On

July 20, 2016, Anastacio offered Crawford a mattress that was filthy and soaked with urine and blood. *Id*. at 11. On July 22, 2016, Crawford spoke with Warden Pfister about needing a mattress. *Id*. Pfister told Bennett to "take care of that." *Id*. Bennett told Correctional Officer Danalwhich to give Crawford "one of the condemned mattress." *Id*. Danalwhich brought Crawford the same mattress that had "mase" on it. *Id*. Crawford filed an emergency grievance about the mattress issue, but the grievance was denied by Pfister. *Id*. at 11-12. Crawford continued to ask for a mattress from Lieutenant Givens and Sergeant Carroll but did not receive one until July 29, 2016. *Id*. A lack of a mattress caused Crawford to sleep on a steel frame, causing Crawford to develop pain in his back, hips and shoulders. *Id*. at 12-13.

Crawford saw Nurse L. Diaz about his pain but she told Crawford there was nothing she could do. *Id*. at 13. Crawford was also seen by Drs. Aguinaldo and Obaisi about his pain but neither doctor would prescribe Crawford anything for his pain. *Id*.

Crawford identifies twenty specific counts based on the above facts. In Count 1, Crawford alleges that, when Best found Crawford guilty of the disciplinary ticket, Best acted with deliberate indifference because he did not properly investigate. Similarly, Crawford asserts the same claim against Venerable in Count 18. Although Crawford labels his claims as one of deliberate indifference, it appears that Crawford is attempting to raise a procedural due process claim on the way in which the disciplinary hearing was conducted. "A prison inmate does not have a constitutional right to be free from false or baseless disciplinary charges." *McSwain v. Hendren*, No. 2017-CV-00158-LJM-MJD, 2017 WL 1382789, at *2 (S.D. Ind. Apr. 18, 2017) (citing *Lagerstrom v. Kingston*, 463 F.3d 621, 624-25 (7th Cir. 2006)). This is because the constitutional rights associated with prison disciplinary actions concern the *procedures* by which an inmate is disciplined, not the validity of any underlying disciplinary charge. *See Lagerstrom*, 463 F.3d at 624. Where a disciplinary sentence results in the deprivation of an inmate's constitutional liberty interest (that is, an "atypical and significant hardship … in relation to the ordinary incidents of prison life," *Sandin v. Conner*, 515 U.S. 472, 484 (1995)), "due process requires that he receive advance written notice of the charges, the chance to present testimony and documentary evidence to an impartial decisionmaker, and a written explanation, supported by at least 'some evidence' in the record." *Lagerstrom*, 463 F.3d at 624 (citations omitted); *see also Gibson v. Pollard*, 610 Fed. App'x. 571, 574 (7th Cir. 2015) ("The prison did all that it was required to do" when it notified the inmate of the charge and allowed him to appear at the disciplinary hearing and rebut the recommendation that he be placed in segregation).

Here, Crawford fails to allege any due process problem with the actual hearing or an atypical and significant hardship based on the finding of guilty. So the complaint fails to state a claim against Best or Venerable.

Next, in Count 2, Crawford brings a deliberate indifference claim against Pfister based on the plumbing issues and lack of a mattress in his cell. Prison officials may not deliberately ignore a prison condition that presents an objectively, sufficiently serious risk of harm. *See Farmer v. Brennan,* 511 U.S. 825, 832 (1994); *Pyles v. Fahim,* 771 F.3d 403, 408-09 (7th Cir. 2014) (citations omitted); *see Gillis v. Litscher,* 468 F.3d 488, 493 (7th Cir. 2006) (prisons must provide "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities") (quotation marks and citation omitted). Section 1983 creates a cause of action based on personal fault, so be held liable under Section 1983, an individual must have caused or participated in the constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012); *Pepper v. Vill. of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005). Here, Crawford alleges that after Pfister informed correctional staff to provide him with a proper mattress, they did not do so. Crawford alleges that he then informed Pfister of that failure via the emergency grievance. So, on the bedding issue, Crawford has stated a claim at this pleading stage. But there are no allegations that Pfister was aware of Crawford's *plumbing* issues. So no claim is validly asserted against Pfister for the plumbing problems.

Crawford may also proceed on his conditions of confinement claims against several of the other Defendants as follows: Count 3 against Doly based on the alleged plumbing issues, Count 4 against Bennett for the alleged plumbing issues and lack of a mattress, Count 5 against Burkbile based on the alleged lack of a mattress, Count 6 against Givens for the alleged lack of a mattress, Count 7 against Whitfield for the alleged lack of a mattress, Count 8 against Carroll for the alleged lack of a mattress, Count 9 against Hart for the alleged lack of a mattress, Count 10 against Anastacio for the alleged plumbing issues and lack of a mattress, Count 11 against Heplin for the alleged lack of a mattress, Count 12 against Cannahan for the alleged plumbing issues and lack of a mattress, Count 13 against Peanut for the alleged plumbing issues and lack of a mattress, and Count 15 against Danalwhich for the alleged lack of a mattress.

Count 16 against Ms. Hobbs is dismissed without prejudice because Crawford fails to allege when or how she knew that Crawford was without a mattress. Similarly, Crawford identifies Correctional Officers Holman and Abbott as Defendants but raises no allegations or claims against either in his complaint. So they too are dismissed without prejudice.

In Count 14, Crawford alleges that Ragusa retaliated against him for writing a grievance against Anastacio and Cannahan by writing a false disciplinary report against Crawford. Crawford may proceed on his retaliation claim against Ragusa. To state a retaliation claim, Crawford must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory

action.'" *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quoting *Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir. 2009) (quoting *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)). Crawford's allegations suffice because he lists out the adverse actions that were allegedly taken against him because he filed grievances. *Hasan v. U.S. Dept. of Lab.*, 400 F.3d 1001, 1005 (7th Cir. 2005) (filing grievances about prison conditions or officials' adverse conduct is First Amendment activity). Crawford's similar allegations against Anastacio and Cannahan also sufficiently state a retaliation claim.

In Count 17, Crawford alleges that McBee failed to properly investigate his grievance. Prison grievance procedures are not mandated by the First Amendment and do not by themselves create interests protected by the Due Process Clause. *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011). Thus, "the alleged mishandling of … grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Id.* at 953. Count 17 and Defendant McBee are dismissed without prejudice.

Lastly, Crawford brings claims for deliberate indifference to his serious medical needs against Nurse Diaz and Drs. Obaisi and Aguinaldo. "Prison officials violate the Eighth Amendments proscription against cruel and unusual punishment when they display 'deliberate indifference to serious medical needs of prisoners.'" *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To state a claim based on deliberate indifference, an inmate must first allege that "his medical condition is 'objectively, sufficiently serious.'" *Greeno*, 414 F.3d at 652 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). He must then allege that prison officials were deliberately indifferent to that condition. *Id.* (quoting *Farmer*, 511 U.S. at 834) (citation and quotation marks omitted). The concept of deliberate indifference encompasses the refusal of effective treatment, *Fields v. Smith*, 653 F.3d 550, 556 (7th Cir. 2011), knowing delay of treatment to the point that an injury is exacerbated or pain is unnecessarily prolonged, *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010), and erroneous treatment based on a substantial departure from accepted medical judgment, practice, or standards, *Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016). It should be noted, however, that neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference. *Estelle*, 429 U.S. at 106; *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). Likewise, inmates are not constitutionally entitled either to "demand specific care" or even to receive the "best care possible." *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011). Crawford alleges that Nurse Diaz and the doctors refused to treat his pain. He may proceed on his claims against those Defendants.

Based on filings in other cases, the Court takes judicial notice that Dr. Saleh Obaisi has passed away. *See, e.g., Page v. Obaisi*, No. 15 C 7411, Dkt. No. 105, Suggestion of Death of Saleh Obaisi. If Crawford wants to continue with his claim

against Dr. Obaisi, then he must substitute a proper Defendant for him, meaning he will need to amend his complaint to name that proper Defendant. *See* Fed. R. Civ. P. 25(a) ("If a party dies and the claim is not extinguished, the court may order substitution of the proper party."). Failure to do so will result in dismissal of Dr. Obaisi from this case. Because Crawford is an incarcerated litigant proceeding *pro se*, the Court recognizes that he will likely have difficulty identifying the proper party to substitute for Dr. Obaisi on his own. The Court therefore on its own motion adds Wexford Health Sources, Inc., as a nominal Defendant, for the sole purpose of assisting in identifying the proper party for substitution. After Wexford has been served, Wexford must promptly file a suggestion of death that identifies the proper party (such as the executor of Dr. Obaisi's estate) and explains how Crawford may serve that person. *See Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555-56 (7th Cir. 1996) (explaining that, where it appears that *pro se* plaintiff has viable claim but difficult identifying proper Defendant, "the court must assist the plaintiff in conducting the necessary investigation"). After that process is complete, Wexford will be dismissed as a party.

The Court directs the Clerk of Court to issue summonses for service of the complaint on remaining Defendants. The Court directs the Clerk to mail Crawford seventeen blank USM-285 (Marshals Service) forms. The Court advises Crawford that a completed USM-285 form is required for service on each Defendant. The Marshals Service will not attempt to serve a Defendant unless and until the required form is received. By November 22, 2018, Crawford must therefore complete and return a service form for each Defendant, and failure to do so may result in dismissal of the unserved Defendant, as well as dismissal of this case in its entirety.

The Court appoints the U.S. Marshals Service to serve Defendants. The Court directs the Marshal to make all reasonable efforts to serve Defendants. With regard to any former employee of Illinois Department of Corrections who can no longer be found at the work address provided by Crawford, the Illinois Department of Corrections must furnish the Marshal with the Defendant's last-known address. The Marshal will use the information only for purposes of effectuating service or to show proof of service, and any documentation of the address shall be retained only by the Marshals Service. Address information will not be maintained in the Court file nor disclosed by the Marshal, except as necessary to serve Defendant. The Court authorizes the Marshal to send a request for waiver of service under Federal Rule of Civil Procedure 4(d) before attempting personal service.

The Court instructs Crawford to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. Every document submitted by Crawford must include a certificate of service indicating the date on which Crawford gave the document to prison authorities for mailing. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Crawford. Crawford is

advised that he must promptly submit a change-of-address notification if he is transferred to another facility or released. Failure to do so may lead to dismissal of this action for failure to comply with a Court order and for want of prosecution.

To track the case only (no appearance is required), a status hearing is set for 11/30/2018 at 8:30 a.m.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: October 26, 2018