# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

DEANDRE CRAWFORD,

        Plaintiff,

v.

WEXFORD HEALTH SOURCES, INC., et al.,

        Defendants.

Case Number  18-cv-4882

Judge Edmond E. Chang

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 8(b)(3)

NOW COME Defendants, LIDIA DIAZ, R.N., and EVARISTO AGUINALDO, M.D., by and through their attorneys, Matthew H. Weller and Joseph J. Lombardo of CASSIDAY SCHADE LLP, and pursuant to Fed. R. Civ. P. 8(b)(3), make a general denial to all of the allegations contained within Plaintiff, DEANDRE CRAWFORD's, Complaint, except those allegations contained within Paragraphs 21, 22, 23, 113, and 114.

WHEREFORE, Defendants, LIDIA DIAZ, R.N., and EVARISTO AGUINALDO, M.D., pray that this Honorable Court grant judgment in their favor and against the Plaintiff, DEANDRE CRAWFORD, and for costs, and deny the Plaintiff is entitled to any requested relief, whatsoever.

## AFFIRMATIVE DEFENSES

NOW COME Defendants, LIDIA DIAZ, R.N., and EVARISTO AGUINALDO, M.D., by and through their attorneys, Matthew H. Weller and Joseph J. Lombardo of CASSIDAY SCHADE LLP, and for their Affirmative Defenses to Plaintiff's Complaint, hereby state as follows:

**FIRST AFFIRMATIVE DEFENSE**
**FAILURE TO EXERCISE REASONABLE CARE AND TO MITIGATE DAMAGES**

1.      The sole proximate cause of the injuries and damages alleged by the Plaintiff was the Plaintiff's failure to exercise reasonable care for his own well-being.  Specifically, by his own allegations, Plaintiff committed acts of self-mutilation. In addition, Plaintiff failed to take reasonable steps to procure mental health treatment.

2.      The duty to mitigate damages is applicable to a prisoner's medical claims made pursuant to Section 1983.  See *Mister v. Dart*, 2014 U.S. Dist. LEXIS 87576, *2, 2014 WL 2922830 (N.D. Ill. June 26, 2014).  A Section 1983 affirmative defense based on a failure to mitigate damages is sufficiently pled without additional facts at the outset of a case. *Id.* at *7, 2014 U.S. Dist. LEXIS 87576.

**SECOND AFFIRMATIVE DEFENSE –**
**DEFENDANTS ACTED IN GOOD FAITH/QUALIFIED IMMUNITY**

1.      At all times relevant herein Defendants acted in good faith in the performance of their official duties and without violating Plaintiff's statutory or constitutional rights of which a reasonable person would have known. Therefore, the doctrine of qualified immunity protects these Defendants from this lawsuit.  "Qualified immunity shields [officials] from civil damages liability so long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated. *Leaf v. Shelnutt,* 400 F.3d 1070, 1079-80 (7th Cir. 2005).  The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, mistake of fact, or a mistake based on mixed questions of law and fact. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

2.      The United States Supreme Court regards as beneficial, the two-step sequence for resolving government officials' immunity claims articulated in *Saucier v. Katz.* 533 U.S. 194,

200 (2001); see also *Pearson*, 555 U.S. at 236 ("Although we now hold that the *Saucier* protocol should not be regarded as mandatory in all cases, we continue to recognize that it is often beneficial…"). First, a court must decide whether the facts, as alleged by the plaintiff, make out a violation of a constitutional right. *Id.* at 232. Second, the court must decide whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Id.* In order to show that the right was clearly established, the plaintiff must show that the defendant's "violation [of the constitutional right] was so clear that an official would realize he or she was violating an inmate's constitutional rights." *Borello v. Allison,* 446 F.3d 742, 750 (7th Cir. 2006).

3.      The Plaintiff's Third Amended Complaint alleges that Defendants provided medical care and treatment to the Plaintiff while he was incarcerated at a state-run prison. At no time did any Defendant render medical care that was so clearly a violation of the Plaintiff's constitutional rights that the Defendants would realize he or she was providing medical care tantamount to cruel and unusual punishment. Thus, the doctrine of qualified immunity applies and shields these Defendants from this litigation.

4.      The Defendants further recognize that the Seventh Circuit has suggested, in dicta, that qualified immunity is not available to private medical personnel in state-run prisons. *See Petties v. Carter,* 836 F.3d 722, 733-34 (7th Cir. 2016). However, the United States Supreme Court's decision in *Filarsky v. Delia* controls and establishes that immunity is available to a government's private contractors who are performing jobs that, otherwise, would be performed by state agents, who unquestionably could assert qualified immunity.

5.      In *Filarsky*, the Supreme Court, unanimously, held that a private attorney hired by a municipality to perform a task was entitled to claim qualified immunity. 566 U.S. 377, 390

(2012) ("Affording immunity not only to public employees but also to others acting on behalf of the government similarly serves to 'ensure that talented candidates are not deterred by the threat of damages suits from entering public service'") (internal marks omitted).

6.      Other Circuits follow *Filarsky* and apply qualified immunity to private medical providers working in state-run prisons.  In a decision handed down after *Petties,* the Tenth Circuit Court of Appeals found that *Filarsky* controlled and applied qualified immunity to a private doctor working in a state prison.  *Estate of Lockett v. Fallin* 841 F.3d 1098, 1108-09 (10th Cir. 2016) (" Dr. Doe stands in the same position as the attorney in *Filarsky* - he was a private party hired to do a job for which a permanent government employee would have received qualified immunity.  Thus, we conclude that qualified immunity applies to Dr. Doe").

7.      The Supreme Court's *Filarsky* decision combined with the case law of other Courts of Appeal establish that qualified immunity applies to private medical providers performing medical services in a state-run prison.  Thus, Defendants have a non-frivolous argument for extending, modifying, or reversing existing law in this Circuit.

## THIRD AFFIRMATIVE DEFENSE
## FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

1.      Federal law mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a); *Pavey v. Conley*, 544 F.3d 739,740 (7th Cir. 2008).

2.      The administrative remedies applicable to the Plaintiff in the instant action can be found at 20 Ill. Admin. Rule § 504.800 - 870. Effectively, this Plaintiff was required to complete three administrative steps in order to exhaust his remedies:

(1)     attempt to resolve his complaint informally through his/her
        Counselor;

(2)     file a written grievance to the Grievance Officer within 60
        days of discovery of his complaint; and

(3)     file an appeal to the Director within 30 days after the date
        of the decision with respect to his written grievance.

*See* 20 Ill. Admin. Rule § 504.810, § 504.850.

3.     To the extent Plaintiff has failed to exhaust his administrative remedies prior to
the filing of this suit, his claims are barred by 42 U.S.C. § 1997(e)(a) and 20 Ill. Admin. Rule §
504.800 – 870.

**FOURTH AFFIRMATIVE DEFENSE-
FAILURE TO ASSERT CLAIMS WITHIN THE STATUTE OF LIMITATIONS PERIOD**

1.     On July 17, 2018, Plaintiff filed his Complaint in the present matter. In his
Complaint, he alleges that the purported constitutional violation committed by these Defendants
occurred on or before July 9, 2016.  (ECF No. 1 at ¶¶ 101-108).

2.     Claims for deliberate indifference made pursuant to 42 U.S.C. § 1983 are
considered personal injury claims and are governed by the personal injury statute of limitations
and tolling laws in the state where the alleged injury occurred.  *Delgado-Brunet v. Clark*. 93 F.3d
339, 342 (7ᵗʰ Cir. 1996).  Illinois has a two-year statute of limitations for personal injury actions.
*735 Ill. Comp. Stat. Ann. 5/13–202* (2008); *Anton v. Lehpamer,* 787 F.2d 1141, 1142 (7th
Cir.1986).

3.     The Plaintiff's suit is based on personal injuries he allegedly suffered as an inmate
at various correctional facilities located in Illinois.  As such, the Plaintiff's claims are subject to a
two-year statute of limitations.

4.     Although state law determines the length of the statute of limitations, federal law
determines when that statute of limitations begins to accrue. *Wilson v. Giesen,* 956 F.2d 738, 740

(7th Cir.1991). Federal law dictates that accrual begins when a "plaintiff knows or should know that his or her constitutional rights have been violated." *Id.*

5. In the case at bar, all or most of Plaintiff's claims are barred by the two-year statute of limitations for 42 U.S.C. § 1983 claims made in Illinois. In this regard, plaintiff new or should have known his constitutional rights had allegedly been violated prior to July 16, 2016.

WHEREFORE, Defendants, Defendants, LIDIA DIAZ, R.N., and EVARISTO AGUINALDO, M.D., pray that this Honorable Court grant judgment in their favor and against the Plaintiff, DEANDRE CRAWFORD, and for costs and deny the Plaintiff any requested relief, whatsoever.

## JURY DEMAND

Defendants, LIDIA DIAZ, R.N., and EVARISTO AGUINALDO, M.D., demand a trial by jury on all issues herein triable.

Respectfully submitted,

CASSIDAY SCHADE LLP

By: /s/ *Joseph J. Lombardo*_____
   One of the Attorneys for Defendants,
   LIDIA DIAZ, R.N., and EVARISTO
   AGUINALDO, M.D.,

Matthew H. Weller/ARDC No. 6278685
Joseph J. Lombardo/ ARDC No. 6306466
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax
mweller@cassiday.com
jlombardo@cassiday.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2019, I electronically filed the foregoing document with the clerk of the court for the Northern District of Illinois, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

By: /s/ *Joseph J. Lombardo*_____

One of the Attorneys for Defendants,
LIDIA DIAZ, R.N., and EVARISTO
AGUINALDO, M.D.,

Matthew H. Weller/ARDC No. 6278685
Joseph J. Lombardo/ ARDC No. 6306466
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax
mweller@cassiday.com
jlombardo@cassiday.com