IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEANDRE CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 18-cv-4882 |
| | ) | |
| LT. CHARLES BEST, ET AL. | ) | Honorable Edmond E. Chang |
| | ) | |
| Defendants. | ) | |
| | ) | JURY TRIAL DEMANDED |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND
INCORPORATED MEMORANDUM OF LAW**

Defendants, Randy Pfister, Marc Anastacio, Brian Givens, Ralph Burkybile, and Brett Carnahan, by and through their attorney, Kwame Raoul, Attorney General for the State of Illinois, pursuant to Federal Rule 12(b)(6), move to dismiss the Plaintiff's Complaint (Docket # 1). In support of this Motion, Defendants state the following:

**BACKGROUND**

1. Plaintiff, DeAndre Crawford, is an IDOC inmate that has sued several IDOC correctional officers and staff, pursuant to 42 U.S.C. § 1983, claiming that Defendants were deliberately indifferent, retaliated against him, and/or otherwise subjected him to cruel and unusual punishment. Dkt. 1. Plaintiff's claim(s) arise in relation to the conditions of his cell and mattress as they existed between the months of February and July of 2016. *See Id.* at ¶¶ 24 - 101. Plaintiff specifically alleges that Defendants failed to fix his faucet (which would not provide hot water and was constantly "running" cold water); failed to provide him a (clean) mattress; and retaliated against him by filing disciplinary charges against him. *Id*.

2. Plaintiff's claims in this action arose in or around February to July of 2016. *See* Dkt. # 1. Under Illinois law, the applicable statute of limitations for Plaintiff's 42 U.S.C. § 1983 deliberate indifference, retaliation, and cruel & unusual punishment claim(s) is two (2) years. *Debrow v. Kalu*, 705 F.3d 765, 768 (7th Cir. 2013); *see also* 735 ILCS 5/13-202. Plaintiff failed to file this action until July 17, 2018, after the statute of limitations on his claims had expired. Therefore, his Complaint should be dismissed.

## MEMORANUM OF LAW AND ARGUMENT

3. A motion to dismiss under Rule 12(b)(6) is brought when the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. Pro. 12(b)(6). When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In testing the legal sufficiency of the complaint, conclusions of law or unwarranted inferences are not admitted. *Northern Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995). A party "can plead himself out of court by unnecessarily alleging facts which . . . demonstrate that he has no legal claim." *Id.* Further, "conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981).

4. Although the statute of limitations is an affirmative defense, the Court may properly dismiss a complaint where such pleading sets forth all necessary elements to satisfy such affirmative defense. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). The pleadings constitute judicial admissions, and the Court need not consider any factual allegations set forth to the contrary. The Plaintiff is bound by his pleadings. *Whitlock v. Brown*, 596 F.3d 406, 412 (7th Cir. 2010). The pleadings constitute judicial admissions, and the Court

need not consider any factual allegations set forth to the contrary; Plaintiff is bound by his pleadings. *Id*.

5.  In this case, the balance of Plaintiff's pleadings state that Defendants were (i) deliberately indifferent; (ii) that he was retaliated against, and/or (iii) that he was subjected to cruel and unusual punishment, between February and July 2016. Dkt # 1 at ¶¶ 24 – 101. Plaintiff's factual allegations specifically state: (1) that Defendant(s)' alleged deliberate indifference in failing to fix his sink occurred in or around February of 2016 (Dkt. 1 at ¶¶ 24-42); (2) that Defendants' retaliation occurred when the broken sink allegedly caused him to be issued a disciplinary ticket and moved to the psych ward (therefore, presumably in February to March of 2016) (*Id*. at ¶¶ 41 – 46); and (3) that the Defendants' alleged removal of his mattress from his cell (by the "Orange Crush" tactical team) occurred on July 12, 2016 (*Id*. at ¶ 62 – 63). Crawford admits further that he was offered a new mattress and extra pillows on July 17, 2016. *Id*. at ¶ 76.

6.  The above described judicial admissions, when taken together, satisfy the two (2) year statute of limitations affirmative defense.

7.  Crawford's alleged constitutional violations took place during through March 2016 (the broken faucet and alleged retaliatory discipline), and on July 12, 2016 (when he was removed of his mattress). He did not file the present complaint until July 17, 2018—more than two years later. *See* Dkt. 1.

8.  The statute of limitations on the claim(s) contained in Plaintiff's Complaint has expired. Therefore, his Complaint should be dismissed.

**CONCLUSION**

WHEREFORE, Defendants Randy Pfister, Marc Anastacio, Brian Givens, Ralph Burkybile, and Brett Carnahan respectfully request that this honorable Court grant their Motion to Dismiss Plaintiff's Complaint as Plaintiff surpasses the statute of limitations in asserting any claims against Defendants under 42 U.S.C. § 1983.

Dated: March 11, 2019                                    Respectfully Submitted,

KWAME RAOUL                                              /s/Nicholas V. Alfonso
Attorney General for Illinois                            NICHOLAS V. ALFONSO
                                                         Assistant Attorney General
                                                         General Law Bureau
                                                         Office of the Illinois Attorney General
                                                         100 West Randolph Street, 13th Floor
                                                         Chicago, Illinois 60601
                                                         (312) 814-7201

4