**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **DeAndre Crawford,** | **Case Number 1:18-cv-4882** |
| *Plaintiff,* | **Judge Edmond E. Chang** |
| v. | |
| **Charles Best, et al.,** | |
| *Defendants.* | |

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

Defendants Randy Pfister, Marc Anastacio, Brian Givens, Ralph Burkybile, and Brett Carnahan (the "IDOC Defendants")[1] have moved to dismiss plaintiff DeAndre Crawford's claims against them on the ground that they are untimely. The IDOC Defendants' arguments are fundamentally flawed in multiple respects. With respect to each of the three categories of claims at issue, the IDOC Defendants' arguments misconstrue or ignore Crawford's basic allegations, rely on groundless and unreasonable assumptions that the Court cannot credit at the motion to dismiss stage, and depend on untenable interpretations of the law governing the accrual of Section 1983 claims. Their motion to dismiss should be denied in its entirety.

**I.   BACKGROUND**

The IDOC Defendants' motion challenges three categories of claims set forth in Crawford's complaint (the "Complaint"). ECF No. 1. The first of these categories is premised on

---

[1] The instant motion to dismiss relates to just five of the IDOC defendants that remain in the litigation. Four remaining IDOC defendants (Whitfield, Hart, Heplin, and Danalwich) have yet to be served, although last known addresses have been requested pursuant to the Court's March 20, 2019 order. *See* ECF No. 49. Another four defendants (Bennett, Caroll, Doly, and Ragusa) have executed waivers of service, but have yet to answer or otherwise respond to the complaint, nor has an attorney entered an appearance on their behalf.

Crawford's allegations that defendants Anastacio and Carnahan repeatedly ignored Crawford's requests that they fix certain plumbing issues in Crawford's cell (the "plumbing claim"). Specifically, Crawford alleges that beginning on February 17, 2016, the water in his cell began to run constantly and the hot water stopped working entirely. ECF No. 1, Compl. ¶ 24. On February 25, 2016, Crawford notified Carnahan of the plumbing issue and requested that he submit a work order, but Carnahan failed to take any action. *Id.* ¶¶ 29-30. After Carnahan failed to help, Crawford raised the plumbing issues with Anastacio, who similarly refused to submit a work order or otherwise attempt to address the problem. *Id.* ¶¶ 35-36. As a result of Anastacio's and Carnahan's deliberate indifference, Crawford's water continued to run for days and prevented him from sleeping. *Id.* ¶ 40. This loss of sleep exacerbated certain pre-existing medical conditions (Bipolar Disorder and Borderline Personality Disorder) and Crawford became "unstable mentally and emotionally." *Id.* ¶ 41. Crawford's condition deteriorated so significantly that he had to see a "crisis team" and was placed in Stateville's psychiatric ward. *Id.* ¶¶ 42-43. The complaint does not allege when Crawford's condition first began to deteriorate or when he connected his mental and emotional instability to his lack of sleep.

With respect to the second category of claims at issue, Crawford asserts that Anastacio, Carnahan, and a third officer, Ragusa, violated his First Amendment rights by issuing him a disciplinary ticket in retaliation for Crawford filing a grievance against them (the "retaliation claim"). More specifically, after Anastacio and Carnahan refused to address Crawford's plumbing issues, Crawford filed an administrative grievance. *Id.* ¶ 45. Crawford alleges that after Anastacio and Carnahan learned that Crawford filed a grievance against them, they retaliated by issuing him a disciplinary ticket for making "trumped up" charges. *Id.* ¶¶ 45, 49. Crawford challenged the disciplinary ticket, but after a biased hearing in which Crawford was denied the assistance of a

2

psychiatric worker, the prison's administrative hearing officer found Crawford guilty. *Id.* ¶¶ 47-49. The complaint does not state when Crawford filed his grievance against Anastacio and Carnahan; not does it state when Crawford was issued the retaliatory disciplinary ticket.

Crawford's third category of claims are based on his allegations that the IDOC Defendants removed his mattress from his cell and forced him to sleep on a steel bed frame for 17 days despite repeated requests over that 17-day period for a usable replacement mattress (the "bedding claim"). Crawford alleges that after a July 12, 2016 "Orange Crush" shakedown, he returned to his cell and found that his mattress had been removed. *Id.* ¶¶ 63-64. Over the next seventeen days, Crawford asked for a new mattress at least fourteen different times. *Id.* ¶¶ 65-101. These requests included a July 12, 2016 request to Anastacio, *id.* ¶ 67, three requests on July 13, 2016 to Burkybile, Anastacio, and Carnahan, *id.* ¶¶ 67-70, two requests on July 20, 2016 to Burkybile and Anastacio, *id.* ¶¶ 81-85, and a July 22, 2016 request to Warden Pfister, *id.* ¶¶ 92-93. Crawford also filed an emergency grievance sometime after July 22, 2016, but this grievance was denied out of hand. *Id.* ¶ 94. Crawford alleges that with respect to each of his requests, as well as his emergency grievance, the IDOC Defendants were deliberately indifferent to his inhospitable living conditions. It was not until July 29, 2016 that Crawford finally received a usable mattress and bedding. *Id.* ¶ 101. During the entire 17-day period that he was without a mattress Crawford was required to sleep on a steel bed frame. As a result, he developed pain in his back, hips, and shoulders. *Id.* ¶¶ 102-03. The complaint does not allege when this pain developed, nor does it allege when Crawford sought medical treatment for these injuries.

## II.     ARGUMENT

The IDOC Defendants have moved to dismiss each of the above categories of claims on the ground that they are untimely. As the Seventh Circuit has noted, "[w]hen a defendant charges

3

noncompliance with the statute of limitations, 'dismissal under Rule 12(b)(6) is irregular.'" *Chicago Bldg. Design, P.C.*, 770 F.3d 610, 618 (7th Cir. 2014) (quoting *United States v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004)). Because plaintiffs "need not anticipate and attempt to plead around defenses," the IDOC Defendants' motion may only be granted if "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Id.* at 613-614. In other words, Crawford must affirmatively plead himself out of court. Here, because the allegations in the complaint do not by themselves establish that any of the three categories of claims—much less all of them—are untimely, the IDOC Defendants' motion must be denied in its entirety.

### A. The Plumbing Claim

Each of the claims at issue, including Crawford's plumbing claim, is governed by a two-year statute of limitations. *See O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015) ("The limitations period for § 1983 claims is based on state law, and the statute of limitations period for § 1983 actions in Illinois is two years."); *Hoban v. Anderson*, 688 Fed. Appx. 385, 388 (7th Cir. 2017) (applying two-year limitations period to claim alleging deliberate indifference to conditions of confinement).

The IDOC Defendants argue that this two-year limitations period bars Crawford's plumbing claim because Crawford alleges that Anastacio and Carnahan ignored the plumbing issues in his cell in February 2016, which was approximately two years and five months before he filed his lawsuit. ECF No. 45, Mot. Dism. ¶ 5. However, the date Crawford requested that Anastacio and Carnahan address the plumbing issues is irrelevant for purposes of determining when this claim accrued for limitations purposes. In the Seventh Circuit, the two-year limitations period does not begin to run until "the plaintiff knows or has reason to know of the injury that is

4

the basis of his action." *Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996) (citing *Hondo, Inc. v. Sterling*, 21 F.3d 775, 778 (7th Cir. 1994). Here, although the complaint states that the plumbing issues arose in February 2016, it does not state when Crawford suffered the injuries attributable to those issues. Thus, Crawford's allegations do not "set forth everything necessary to satisfy the affirmative defense," *Elward v. Electrolux Home Products, Inc.*, 264 F. Supp. 3d 877, 887 (N.D. Ill. 2017) (quoting *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613 (7th Cir. 2014)), and the IDOC Defendants' motion to dismiss the plumbing claim must be denied. *See Tolleson v. Kraft Foods Global, Inc.*, No. 16-cv-2055, 2016 WL 4439951, at *3 (N.D. Ill. Aug. 23, 2016) ("The Court cannot dismiss a complaint based on assumed facts that are offered by the Defendants and are unsupported by any exhibit. Nor can the Court penalize Plaintiffs for failing to allege dates that show the complaint was filed within the statute of limitations. To do so would be contrary to the standard for 12(b)(6) motions to dismiss.").

In addition, even if the Court were to assume that Crawford's claim accrued in February 2016, which it cannot do at this stage of the case, the IDOC Defendants' motion would still fail because the Complaint does not allege when Crawford received a final decision on his grievance. As the Complaint notes, after Anastacio and Carnahan failed to address the plumbing issues, Crawford filed a grievance against them. Compl. ¶ 45. This grievance tolled the statute of limitations until the grievance process ran its course. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001) ("[I]n the ordinary case, a federal court relying on the Illinois statute of limitations in a § 1983 case must toll the limitations period while a prisoner completes the administrative grievance process."). While Crawford does not allege when the grievance was filed, or when it was ultimately denied, at this stage of the case he is entitled to all reasonable inferences, including an inference that his claim is timely once the aforementioned tolling period is taken into account.

5

*See, e.g.*, *Adedeji v. Cobble*, No. 10-C-0892, 2013 WL 449592, at *2 (N.D. Ill. Feb. 5, 2013) ("Here, the elements of the statute of limitations defense are not conclusively established on the basis of the information on the face of the complaint. . . . The grievance history is not detailed in the complaint[.] Defendant must look beyond the complaint to consider the grievance history, a step that is not allowed on a motion to dismiss."). Indeed, where a litigant has pleaded a set of facts that may establish the tolling of the statute of limitations, dismissal for failure to state a claim is inappropriate. *Elward*, 264 F. Supp. 3d at 888.

### B.     The Retaliation Claim

The IDOC Defendants' motion similarly fails to establish that Crawford's retaliation claim, which is governed by the same two-year limitations period applicable to his plumbing claim, *Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016) (discussing limitations period applicable to Section 1983 First Amendment retaliation claims), is untimely. In an effort to establish that the retaliation claim accrued more than two years before this lawsuit was filed, the IDOC Defendants misconstrue Crawford's allegations regarding the underlying events. In particular, contrary to the IDOC Defendants' argument, Crawford does not allege that he was issued a disciplinary ticket simply because he complained about his broken sink in February 2016. *See* Mot. Dism. ¶ 5 (citing Compl. ¶¶ 41-46). Instead, Crawford alleges that he "was written a disciplinary ticket . . . in retaliation *for filing a grievance* against Anastacio and Carnahan" for their failure to assist him with repairing his sink. Compl. ¶ 45 (emphasis added). This is an important distinction because while the complaint alleges when the plumbing issues arose, it is silent when it comes to when Crawford filed the grievance against Anastacio and Carnahan and when they issued him the allegedly retaliatory disciplinary ticket. Accordingly, the presumption forming the basis for the IDOC Defendants' motion to dismiss this claim—*i.e.* that Crawford received a disciplinary ticket in

6

February or March for complaining about his broken sink in the first place—is unfounded. Since any and all reasonable presumptions must be drawn in Crawford's favor at this stage, and the Complaint is silent with respect to when he filed his grievance and received the disciplinary ticket, the Court must assume that the retaliatory ticket was not issued until *after* July 17, 2016. *Tolleson*, 2016 WL 4439951, at *3 ("The Court cannot dismiss a complaint based on assumed facts that are offered by the Defendants and are unsupported by any exhibit[.] To do so would be contrary to the standard for 12(b)(6) motions to dismiss."); *Adedeji*, 2013 WL 449592, at *2 (denying motion to dismiss based on statute of limitations defense when the timing of the plaintiffs' grievance was not clear).

### C.  The Bedding Claim

The IDOC Defendants' motion to dismiss the bedding claim must also be denied. As an initial matter, the IDOC Defendants again mischaracterize Crawford's claim in an effort to establish that it accrued more than two years before filing suit. Specifically, the IDOC Defendants contend that Crawford's bedding claim accrued on July 12, 2016, the date of the Orange Crush shakedown that resulted in the removal of his mattress. *See* Mot. Dism. ¶¶ 5-6. However, Crawford's claim is not based on the mere fact that his mattress was removed during the July 12 shakedown; it is actually based on the fact that after his mattress was removed, the IDOC Defendants ignored his repeated requests over the ensuing 17 days that it be replaced. *See* Compl. ¶ 101. As detailed in the Complaint, Crawford requested a new, usable mattress at least 14 separate times, and many of these requests were made after July 17, 2016—*i.e.* within two years of when Crawford filed suit. *See* Compl. ¶¶ 65-101. For this type of continuing Eighth Amendment violation, the statute of limitations starts to run (that is, the cause of action accrues) "from the date of the last incidence of the violation, not the first." *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir.

7

2013). While Crawford's bedding claim may have originally accrued as early as July 12, 2016, each day his various requests went ignored "marked a fresh infliction of punishment that caused the statute of limitations to start running anew." *Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001). Thus, Crawford's bedding claim was timely filed.

The IDOC Defendants' motion to dismiss the bedding claim must be denied for the additional reason that, as discussed above, a deliberate indifference claim accrues as of the date of the injury, not the date of the alleged wrong. *Sellars*, 80 F.3d at 245. Accordingly, regardless of when his mattress was removed, when he asked for a new one, or when he ultimately received a usable replacement, Crawford's claim did not accrue until his back and neck problems developed. Since the complaint does not indicate when these injuries first occurred, there is no basis upon which to conclude that the bedding claim accrued more than two years before Crawford filed suit. Accordingly, the IDOC Defendants' motion to dismiss this claim must be denied.

### III. CONCLUSION

For the reasons set forth above, plaintiff DeAndre Crawford requests that the Court deny the IDOC Defendants' motion to dismiss.

April 19, 2019

Respectfully submitted,

/s/ *Samuel P. Myler*
Mark McLaughlin
Marc R. Kadish
Samuel P. Myler
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606-4637
Tel: (312) 782-0600
Fax: (312) 706-8238

8

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 19, 2019, a copy of the foregoing was filed electronically using the Court's CM/ECF system. Counsel for all parties will receive notice and a copy of the foregoing via the Court's CM/ECF system.

                                                   /s/ *Samuel P. Myler*
                                                   Attorney for Plaintiff