044633/19344/MHW/JJL/BRF

# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DEANDRE CRAWFORD,<br><br>        Plaintiff,<br><br>v.<br><br>DR. ANGUINALDO, C/O ANASTACIO, C/O CANNAHAN, C/O RAGUSA, CHIEF ENGINEER DOLY, C/O DANALWHICH, L. DIAZ, LT. BENNETT, LT. BURKBILE, LT. MR. GIVENS, SGT. CARROLL, SGT. HART, SGT. HEPLIN, SGT. WHITFIELD, WARDEN PFISTER, DR. SALAH OBAISI, and WEXFORD HEALTH SOURCES, INC. (nominal defendant),<br><br>        Defendants. | Case Number 18-cv-4882<br><br>Hon. Judge Edmond E. Chang |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

NOW COME Defendants, EVARISTO AGUINALDO, M.D., and GHALIAH OBAISI, as Independent Executor of the Estate of SALEH OBAISI, M.D., by and through their attorneys of CASSIDAY SCHADE LLP, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, and for their motion for summary judgment for Plaintiff's failure to exhaust his administrative remedies, state as follows:

    1.    On July 17, 2016, Plaintiff filed this lawsuit pursuant to 42 U.S.C. section 1983 against a multitude of Illinois Department of Corrections and Wexford Health Sources, Inc. defendants while he was incarcerated at the Stateville Correctional Center. [ECF Docs. 1, 4].

    2.    Plaintiff alleges that the instant Defendants, Dr. Aguinaldo and the late Dr. Obaisi, were deliberately indifferent to his serious medical needs. Specifically, he claims his complaints of pain were ignored after he was deprived of a mattress and required to sleep on a

steel bedframe from July 12 – July 29, 2016. [ECF Doc. 4].

3. Since Plaintiff has brought an action under 42 U.S.C. § 1983 and was confined in a correctional facility, Plaintiff was required to exhaust his administrative remedies before filing this suit. *Pavey v. Conley*, 544 F.3d, 739, 740 (7th Cir. 2008).

4. The Prison Litigation Reform Act, 42 U.S.C. §1997e(a), provides in pertinent part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See Pavey v. Conley*, 544 F.3d, 739, 740 (7th Cir. 2008). The Seventh Circuit takes a "strict compliance approach" to exhaustion. *Maddox v. Love*, 655 F.3d 709, 720-21 (7th Cir. 2011). Exhaustion of administrative remedies is a condition precedent to filing suit. *Perez v. Wisconsin Dep't. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). A plaintiff's suit must be dismissed if administrative remedies are not fully and properly exhausted. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). To fulfill the exhaustion requirement, prisoners must follow the administrative steps established by the state. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

5. In his grievances, Plaintiff did not mention, identify, or otherwise describe Defendants Obaisi and Aguinaldo, as well as any of their alleged misconduct, in order to place prison officials on notice to resolve the allegations internally before initiating federal litigation.

6. Therefore, Defendants submit that no genuine issue of material fact exists regarding Plaintiff's failure to exhaust his administrative remedies against them, and move to be dismissed.

7. Filed contemporaneously with and incorporated by reference herein is Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment and

Defendants' Statement of Undisputed Material Facts in Support of their Motion for Summary Judgment.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that the Court grant their Motion for Summary Judgment and dismiss Plaintiff's claims against them.

Respectfully submitted,

CASSIDAY SCHADE LLP

By: /s/ Brett R. Furmanski
One of the Attorneys for Defendants,
GHALIAH OBAISI, as Independent Executor
of the Estate of SALEH OBAISI, M.D. and
EVARISTO AGUINALDO, M.D.

Matthew H. Weller | 6278685
Joseph J. Lombardo | 6306466
Brett R. Furmanski | 6326924
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 (Fax)
mweller@cassiday.com
jlombardo@cassiday.com
bfurmanski@cassiday.com

4

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on June 4, 2019 I electronically filed the foregoing document with the clerk of the court for Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

/s/ Brett R. Furmanski

9159647 BFURMANS;BFURMANS