# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

DeAndre Crawford
        plaintiff

**RECEIVED**

- V -

☑ JUL 17 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Lt. Charles Best,
Warden PFister, Lt. Bennett,
Lt. Mr. Givens, Lt. Burkbile,
Sgt. Whitfield, Sgt. Caroll
Ch F. Engineer Doly
Sgt. Hart, Sgt. Heplin
C/O Anastacio, C/O Cannahan
C/O Ragusa, C/O Holman
C/O Danal which, C/O Abbott
C/O Hobbs, Anna Mcbee

1:18-cv-04882
Judge Edmond E. Chang
Magistrate Judge Jeffrey T. Gilbert
PC3

## Nature of Complaint

Now comes plaintiff Crawford (here after Crawford), pro'se confined at Stateville Correctional Center (here after Stateville). Filing this 1983, civil complaint under the Civil Rights act title 42, section 1983. Crawford has been Housed at Stateville since 2012 to present. Around Feb. 2016 the cold water in Crawford's cell would not shut off. Crawford spoke to Stateville staff to remedy the issue, but was unsuccessful for over a weeks time.

Then Crawford was retaliated against by Stateville staff for filing a grievance.

Next Stateville Staff acting the deliberate indifference violated Crawford's Constitutional Rights against cruel and unusual punishment under the 8TH amendment against cruel and unusual punishment, along with the unconstitutional living condictions of Crawford's cell. From July 12, 2016 to July 29, 2016 Crawford was without a Mattress.

Crawford Files this complaint under the Civil Rights act title 42, section 1983 against Lt Charles Best (Here & After Best), Warden Pfister, Lt. Bennett, Mr. Lt. Givens, Lt. Burkbile, Sgt. Whitfield Sgt. Hart, Sgt. Carroll, Chief Engineer Doly, A. Mcbee Sgt. Heplin, C/O Cannahan, C/O Anastacio, C/O Ragusa C/O Holman (peanut Here & After), C/O Danal which C/O Abbott, C/O Hobbs, Dr. Salah Obaisi (Here & After Obaisi), Dr. Aguinaldo, RN. Lidda, CCI. Venerable. This is a civil action seeking injuctive relief and monetary damages against these defendants. for committing acts contrary to the law with deliberate indifference depriving Crawford of his rights guaranteed by the Constitution and Civil rights acts 42 U.S.C 1983.

## Parties Involved

1) DeAndre Crawford, Plaintiff a citizen of the United States currently resides at Stateville P.O. Box 112, Joliet IL. 60434

2) Defendant Best - is an employee of the state of Illinois and assigned to Stateville.

3) Warden Pfister is currently the Warden at Stateville. Pfister is currently legally responsible for the health, safety and sanitation of inmates living condictions

4) Chief Engineer Doly, is currently Chief Engineer of Stateville. Doly is currently legally responsible for the overall institutional and housing units maintenance and sanitation.

5) Lt. Bennett, is currently employed by the State of Illinois and assigned to Stateville.

6) Lt. Burkbile, is currently employed by the State of Illinois and assigned to Stateville.

7) Lt. Mr. Givens, is currently employed by the State of Illinois and assigned to Stateville.

8) Sgt. Whitfield, is currently employed by the State of Illinois and assigned to Stateville.

9) Sgt. Hart, is currently employed by the State of Illinois and assigned to Stateville.

10) Sgt. Carroll, is currently employed by the State of Illinois and assigned to Stateville.

11) Sgt. Heplin, is currently employed by the State of Illinois and assigned to Stateville.

12) C/O B. Cannahan, is currently employed by the State of Illinois and assigned to Stateville.

13) C/O Mark Anastacio, is currently employed by the State of Illinois and assigned to Stateville.

14) C/O Terrence Ragusa, is currently employed by the State of Illinois and assigned to Stateville.

15) C/O Peanut (Holman), is currently employed by the State of Illinois and assigned to Stateville.

16) C/O Danalwhich, is currently employed by the State of Illinois and assigned to Stateville.

17) C/O Abbott, is currently assigned to Stateville and employed by the State of Illinois.

18) C/O Hobbs, is currently employeed by the State of Illinois, and assigned to Stateville.

19) Wendall Venerable, is currently employed by the State of Illinois and assigned to Stateville.

20) Anna McBee, is currently Remployed by the State of Illinois and assigned to Stateville

21) Dr. Salah Obaisi, is currently employed by Wexford and is assigned as the Medical Director at Statevill.

22) Dr. Aguinaldo (Here and After Dr. A), is currently employed and assigned to Stateville.

23) RN. Lidda (Short one) is currently employed by Wexford and assigned to Statevill.

Statement of facts

24) Crawford is confind at Stateville. Around Feb. 17, 2016 while being in cell 408 of B-house the cold water began to run constantly and would not shut off.

25) Upon information and belief Crawford spoke to Peanut about the cold water continuely running and not having hot water.

26) Upon information and belief Peanut then acting with deliberate indifference did not submit a work order.

27) Upon information and belief Crawford informed Lt. Bennett about his sink and peanuts deliberate indifference of not submitting a work order.

28) Upon information and belief acting with deliberate indifference Bennett did not have a work order submitted.

29) Upon information and belief Crawford spoke to c/o Cannahan on or around Feb. 25, 2016 about not having hot water, and cold water not shutting off.

30) Upon information and belief acting with deliberate indifference c/o Cannahan did not submit a work order.

31) Upon information and belief on the 7-3 shift Crawford asked c/o Walsh for a shower because they had no hot water.

32) Upon information and belief c/o Walsh acting with deliberate indifference told Crawford, "No. We don't give showers for that reason.

33) Upon information and belief Crawford spoke to acting Sgt. Peanut about a shower because his cell was without hot water.

34) Upon information and belief Peanut acted with deliberate indifference told Crawford, "Now that's not gonna happen."

35 Upon information and belief Crawford spoke to c/o Anastacio on the 3-11 shift and his sink.

36 Upon information and belief acting with deliberate indifference Anastacio did not submit a work order.

37) Upon information and belief both Crawford and his cellmate had spoken to Chief Engineer Doly while in B-house.

38) Upon information and belief Chief Engineer told Crawford that he couldn't fix anything without a work order, and acting with deliberate indifference Doly refuse to fix the sink.

39) Chief Engineer Doly stated on grievance sta #1283 that no work order was submitted until Feb. 26, 2016.

40) Crawford suffers from mental illnesses (Bipolar Disorder and boarder line Personality Disorder Trait). Became sleep deprived due to the noise of the constant running water.

41) Upon information and belief Crawford's mental illness and lack of sleep caused Crawford's to become ~~unstable~~ unstable mentally and emotionally.

42) Upon information and belief Crawford had to see a crisis team for his condiction.

43) Upon information and belief Crawford was placed in the psy ward of Stateville.

44) Upon information and belief Crawford had become a threat to himself and others.

45) Upon information and belief Crawford was writen a disciplinary tickets #2016010/1-STA ~~crawitt~~ by Anastacio, Cannahan and c/o Ragusa in retaliation for filing a grievance against Anastacio and Cannahan for his sink.

46) This act of retaliation violats Crawford's Constitutional Rights.

47) Upon information and belief Crawford went before the hearing board headed by Best and CCII Venerable and 'NO' psy worker.

48) Upon information and belief Best is known for saying, "I believe my officers over an inmate any day."

49) Upon information and belief Best and CCII Venerable found Crawford guilty of trumped up charges.

50) Upon information and belief after learning that Crawford alleged clothes line was actually a noose made from Crawford's shoe laces CCII Venerable asked Crawford to talk to the crisis team.

51) Upon information and belief Best and CCII Venerable also charged Crawford $5.06 in restitution for an alleged bed sheet.

52) Upon information and belief the alleged clothes line was not ~~produced~~ produced for evidence.

53) Upon information and belief Crawford appealed his ticket which was handled by Anna Mcbee.

54) Upon information and belief the grievance office and Anna Mcbee do not ~~don't~~ investigate issue, and deny grievances to cover up staff misconduct.

55) Upon information and belief Crawford submitted a grievance along with a signed affidavit from his cellmate.

56) Upon information and belief Crawford's cellmate's affidavit affirmed affrimed that Crawford's alleged Clothes line was a noose made out of shoe laces and not the alleged torn clothe bed sheet.

57) Upon information and belief Anna Mcbee did not investigate the matter and denied Crawford's grievance.

58) Upon information and belief Crawford appealed his grievance up to the Administrative Review Board in Springfield. (Here and After Springfield)

59) Upon information and belief Springfield denies almost all inmates grievances regaurdless of the evidance given.

60) Upon information and belief Sherry Benton completed Crawford's grievance in springfield.

61) Upon information and belief Sherry Benton denied Crawford's grievance with deliberate indifference

62) Crawford's unconstitutional living condictions continued, when Crawford went 17 days without a mattress.

63) Upon information and belief Orange Crush proformed a shakedown of Stateville on July 12, 2016.

64) Upon information and belief after Orange Crushes shake down of B-house Crawford was left without a mattress.

65) Upon information and belief Crawford spoke to Peanut on the 7-3 shift on July 12, 2016.

66) Upon information and belief acting with deliberate indifference did not aide in getting

Crawford's Mattress back.

67) Upon information and belief Crawford spoke to Anastacio on the 3-11 shift on July 12, 2016. Acting with deliberate indifference Anastacio did not aide in getting Crawford a Mattress.

68) Upon information and belief on July 13, 2016 Crawford spoke to Lt. Burkbile on the 7-3 shift. Acting with deliberate indifference Lt. Burkbile told Crawford, "Talk to the Five day Lt." When asked about getting a Mattress.

69) Upon information and belief on the 3-11 shift Crawford spoke to both Anastacio and Cannahan about not having a mattress.

70) Upon information and belief acting with deliberate indifference Neither Anastacio or Cannahan aided in getting Crawford a Mattress.

71) On July 14, 2016 Crawford spoke to Sgt. Whitfield on the 7-3 shift.

72) Upon information and belief Sgt. Whitfield acting with deliberate indifference Sgt. Whitfield did not aide in getting Crawford a Mattress.

73) Upon information and belief Crawford spoke to Lt. Bennett also during the 7-3 shift on July 14, 2016

74) Upon information and belief Bennett acting with deliberate indifference told Crawford, "It's going to be a while before we can get you a Mattress."

75) Upon information and belief Crawford spoke

to acting Sgt. Peanut on July 15, 2016 about getting a mattress. Acting with deliberate indifference Peanut told Crawford that he would have to put in a request slip to get a Mattress.

76) Upon information and belief on or around July 17, 2016 Crawford spoke to C/O Moreno on the 7-3 shift about No having a Mattress.

77) Upon information and belief c/o Moreno tried to remedy Crawford Not having a Mattress.

78) Moreno found Crawford a Mattress, but the Mattress had Mase on it. So Moreno gave Crawford some extra pillows.

79) Upon information and belief Crawford spoke to Sgt. Hart on or around July 19, 2016.

80) Acting with deliberate indifference Sgt. Hart ignore Crawford's request for a Mattress, and Stated "Welcome to prison".

81) On July 20, 2016 Crawford spoke to Sgt. Heplin about Not having a Mattress.

82) Upon information and belief acting with deliberate indifference Sgt. Heplin told Crawford, "you have to talk to someone else, because I don't work over here often".

83) On July 20, 2016 after talking to Sgt. Heplin Crawford spoke to Lt. Burkbile again about a Mattress.

84) Upon information and belief acting with deliberate indifference Lt. Burkbile told

Crawford, "Ask your Five day Lt".

85) Upon Information and belief on or around July 20, 2016 acting with deliberate indifference Anastaico offered Crawford a Mattress that was badly soiled, and soaked through with urine and blood.

86) Upon Information and belief on July 21, 2016 acting with deliberate indifference told Crawford, "you have to talk to someone else. I'm only over here for the day." when asked about a Mattress.

87) Upon information and belief on July 22, 2016 Crawford spoke to Warden Pfister on the 7-3 shift at 8:53 am.

88) Warden Pfister told Lt. Bennett to take care of that.

89) Upon information and belief, Bennett told C/o Danalwhich to give Crawford one of the condemed Mattress.

90) Acting with deliberate indifference C/o Danalwhich brought Crawford the same Mattress that had been Mased.

91) Upon information and belief Maj. Lake told B-House Staff Not to give out that Mattress.

92) Upon Information and belief Crawford filed an emergency grievance

93) Upon information and belief Warden Pfister address all emergency grievances.

94) Upon Information and belief acting with delibrate

Warden Pfister denied Crawfords grievance for not having a mattress, as not being an emergency.

95) Upon information and belief it is a common practice or policy for Stateville wardens to deny majority of the emergency grievances filed.

96) Upon information and belief Crawford spoke to Lt. Mr. Givens on the 7-3 shift about not having a mattress. On July 26, 2016.

97) Acting with deliberate indifference Lt. Mr. Givens told Crawford, "Tell your gallery officer to come and talk to me." Upon which Lt. Mr. Givens left and did not return.

98) Upon information and belief Crawford spoke to Lt. Mr. Givens again on 3-11 shift by Gate B. Acting with deliberate indifference Lt. Mr. Givens did not aide in get Crawford a mattress.

99) Upon information and belief Crawford spoke to Sgt Carroll on July 26, 2016 about not having a mattress.

100) Upon information and belief Sgt. Carroll did not aide in getting Crawford a mattress acting with deliberate indifference

101) Upon information and belief Crawford received a mattress on July 29, 2016 after going seventeen (17) days without one.

102) Upon information and belief during his time without a mattress Crawford had to sleep on the steel frame.

103) Sleeping on the hard steel frame caused Crawford to delevope pain in his back, hips and shoulders.

104) Upon information and belief Crawford was seen by RN Lidda.

105) Upon information and belief RN Lidda acting with deliberate indifference told Crawford that there was nothing she could do for treatment.

106) Although not providing Crawford with any treatment RN Lidda still charged Crawford the $5. co-pay.

107) Upon information and belief Crawford was seen by Dr. A about the pain he was suffering from sleeping on the bare steel frame.

108) Acting with deliberate indifference Dr. A told Crawford he could not prescribe him any pain medication.

109) Upon information and belief Crawford was seen by Dr. Obaisi for his pain.

110) Upon information and belief Obaisi did not provide treatment for Crawford acting with deliberate indifference.

111) Upon information and belief it is a common practice of Obaisi's to not document inmates charts after vists.

112) Upon information and belief acting with deliberate indifference. Obaisi did not

document it in Crawford's chart that he was experienceing pain.

## Jurisdiction & Venue

113) This Court has subjected matter jurisdiction over this lawsuit pursuant to 28 U.S.C § 1331 because it arises under the eighth amendment to the Constitution and 42 U.S.C, 1483. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C 1343(a)(3) because it is being brought to redress the deprivation, under color of State law, of a right secured by the Eighth amendment to the Constitution.

114) Venue is proper in this Court pursuant to 28 U.S.C 1391 (b)(2) because a substantial part of the events giving rise to the claims occurred in this judicial district.

## Count 1
### (Against Lt. Best)

115) Crawford re-alleges paragraphs 1-114.

116) Crawford Has a right under the Eighth Amendment to receive adequate housing (including bedding and hot water) while incarcerated at Stateville

117) Crawford also has a right under the Eighth and Fourteenth amendment to file grievances and be free from retaliation for filing grievances

118) At all times relevant, Lt Best was aware that Crawford's tickets was falsified to retailate against Crawford for filing grievances against C/o Anastaico and C/o Cannahan

119) Lt. Best knew or should have known that C/o's use disciplinary tickets in retaliation.

120) At all times relevant to this action, Lt. Best ~~that~~ acted under the color of State law.

121) By failing to properly investigate Crawford's ticket and finding Crawford guilty Lt. Best acted with deliberate indifference.

122) Crawford has been harmed as an actual and proximate result of Lt. Best's deliberate indifference to Crawford's constitutional rights.

Count II (against Warden Pfister)

123) Crawford re-alleges paragraphs 1-114.

124) Crawford has a right under the Eighth Amendment to be free from cruel and unusual punishment while incarcerated at Stateville.

125) Not having Hot running water and no mattress deprived Crawford of basic human needs.

126) At all times relevant, Warden Pfister was aware of Crawford's general needs.

127) Warden Pfister knew or should have known that Crawford not having hot water and no mattress was a violation of Crawford's basic human needs.

128) At all times relevant to this action Warden

Pfister acted under color of State Law.

129) By failing to provide Crawford with adequate housing Warden Pfister acted with deliberate indifference to Crawford's basic human needs

130) Crawford has been harmed as an actual and proximate result of Warden Pfister's deliberate indifference to Crawford's basic human needs.

Count III (against Chief Engineer Doly)

131) Crawford re-alleges paragraphs 1-114

132) Crawford has a right under the Eighth Amendment free from cruel and unusual punishment.

133) Crawford not having hot water or a Mattress constitue a Serious human needs.

134) At all relevant times, Doly was aware of Crawford human needs.

135) By failing to fix Crawford's sink, Doly acted with deliberate indifference to a serious human needs.

136) Crawford has been harmed as an actual and proximate result of Doly's deliberate indifference to Crawford's basic needs.

Count IV (against Lt. Bennett)

137) Crawford re-alleges paragraph 1-114.

138) Crawford has a right under the Eighth Amendment to be free from cruel and unusual punishment while incarcerated at Stateville.

139) Crawford not having hot water or a Mattress constitues a Serious need.

140) Lt. Bennett knew of Crawford not having hot water or a Mattress.

141) Lt. Bennett knew or should have known that Crawford not having hot water or a Mattress violated a serious human need.

142) By allowing Crawford to be housed in a cell without hot water and no Mattress violated a serious human need, and an act of deliberate indifference.

143) At all times relevant to this action Lt. Bennett acted under color of State Law.

144) Crawford has been harmed as an actual and proximate result of Lt. Bennett's deliberate indifference to a serious Human need.

Count V (against Lt. Burkbile)

145) Crawford re-alleges paragraphs 1-114

146) Crawford has a right under the Eighth Amendment to be free from cruel and unusual punishment while incarcerate at Stateville.

147) Crawford not having hot water and no mattress constitue a serious human need.

148) Lt. Burkbile knew of Crawford not having a Mattress.

149) Lt. Burkbile knew or should have known that Crawford not having a Mattress was a serious human need.

150) By allowing Crawford to go without

a Mattress, Lt. Burkbile acted with deliberate indifference to Crawfords serious human needs.

151) At all times relevant to this action Lt. Burkbile acted under color of State law.

152) Crawford was been harmed as an actual and proximate result of ~~mutual unwanted~~ Lt. Burkbile's deliberate indefference to a serious Human Need.

## Count VI (against Lt. Mr. Givens)

153) Crawford re-alleges paragraphs 1-114

154) Crawford has a right under the Eighth Amendment to be free from cruel and unusual punishment while incarcerated at Stateville.

155) Crawford not having a Mattress constitutes a serious human need.

156) Lt. Givens knew or was made aware that Crawford did not have a Mattress.

157) Lt. knew or should have known that Crawford not having a mattress was a serious need.

158) Acting with deliberate indifference to a serious human need Lt. Givens allowed Crawford to go without a mattress.

159) At all times relevant to this action, Lt. Givens acted under the color of State law.

160) Crawford has been harmed as an actual and proximate result of ~~unknown~~ Lt. Givens deliberate indifference to a serious human Need.

Count IIV (against Sgt. Whitfield)

161) Crawford re-alleges paragraphs 1-114

162) Crawford has a right under the Eighth Amendment against cruel and unusual punishment while incarcerated at Stateville.

163) Crawford not having a mattress constitues a serious human need.

164) Sgt. Whitfield knew of Crawford not having a mattress.

165) Sgt. Whitfield knew or should have known that Crawford not having a mattress was a serious human need.

166) By allowing Crawford to go without a mattress, Sgt. Whitfield acted with deliberate indifference to a serious human need.

167) At all times relevant to this action, Sgt Whitfield acted under color of the State law.

168) Crawford has been harmed as an actual and proximate result of Sgt. Whitfield's deliberate indifference to Crawford serious human need.

Count IIIV (against Sgt. Carroll)

169) Crawford re-alleges paragraphs 1-114

170) Crawford has a right under the Eighth Amendment against cruel and unusual punishment while incarcerated at Stateville.

171) Crawford not having a mattress constitues a serious human need.

172) Sgt. Carroll knew of Crawford not having a mattress.

173) Sgt. Carroll knew or should have known that Crawford not having a mattress was a serious need.

174) By allowing Crawford to go without a mattress, Sgt. Carroll acted with deliberate indifference to a serious human need.

175) At all times relevant to this action, Sgt. Carroll was acting under color of state law.

Crawford has been harmed as an actual and proximate result of Sgt. Carroll's deliberate indifference to Crawford's serious human need.

Count IX (against Sgt. Hart)

176) Crawford re-alleges paragraphs 1-114.

177) Crawford has a right under the Eighth amendment against cruel and unusual punishment while incarcerated at Stateville.

178) Crawford not having a mattress constitues a serious human need.

179) Sgt. Hart knew Crawford did not have a mattress.

180) Sgt. Hart knew or should have known that Crawford not having a mattress was a serious human need.

181) By allowing Crawford to go without a mattress, Sgt. Hart acted with deliberate indifference to a serious human need.

182) At all times relevant to this action, Sgt. Hart acted under color of the State law.

183) Crawford has been harmed as an actual and proximate result of Sgt. Hart's deliberate indifference to a serious human need.

Count X (against C/O Anastacio)

184) Crawford re-alleges paragraphs 1-114.

185) Crawford has a right under the Eighth Amendment against cruel and unusual punishment.

186) Crawford not having a mattress constitues a serious human need.

187) C/O Anastacio knew of Crawford not having hot water and no mattress.

188) Anastacio knew or should have known that Crawford not having hot water or a mattress was serious human needs.

189) By allowing Crawford to be in a cell without hot water and having no mattress, Anastacio acted with deliberate indifference to a serious human need.

190) At all times relevant to this action, Anastacio was acting under the color of the State Law.

191) Crawford has been harmed as an actual and proximate result of Anastacio's deliberate indifference to a serious human need.

Count XI (against Sgt. Heplin)

192) Crawford re-alleges paragraphs 1-114

193) Crawford has a right under the Eighth

Amendment against cruel and unusual punishment.

194. Crawford not having a mattress constitues a serious human need.

195. Sgt. Heplin knew of Crawford not ~~having~~ having a mattress.

196. Acting with deliberate indifference Sgt. Heplin told Crawford, "you have to talk to someone else, because I don't work over here often."

197. Sgt. Heplin knew or should have known that Crawford not having a mattress was a serious human need.

198. At all relevant times Sgt. Heplin was aware that Crawford did not have a mattress.

199. By allowing Crawford to go without a mattress, Sgt. Heplin acted with deliberate indifference to a serious human need

200. At all times relevant to this action, Sgt. Heplin was acting under color of State law.

201. Crawford has been harmed as an actual and proximate result of Sgt. Heplin deliberate indifference to Crawford's serious human need

Count XII

(Against C/o Cannahan)

202. Crawford re-alleges paragraphs 1-114.
Crawford has a right under the Eighth

Amendment against cruel and unusual punishment.

203. Crawford not having a mattress constitues a serious human need.

204. Cannahan knew or should have known that Crawford not having hot water or a mattress was serious human needs.

205. At all relevant times Cannahan knew or ~~should have~~ was aware that Crawford didn't have hot water, or a mattress.

206. By allowing Crawford to be in a cell without hot water, and no mattress Cannahan acted with deliberate indifference to a serious human need.

207. At all times relevant to this action Cannahan was acting under the color of the State Law.

208. Crawford has been harmed as an actual and proximate result of Cannahan's deliberate indifference to a serious human need.

## Count XIII
### (Against C/O Holman (Peanut))

209. Crawford re-alleges paragraphs 1-114

210. Crawford has a right under the Eighth Amendment against cruel and unusual punishment.

211. Crawford not having a mattress constitues a serious human need.

212. At all relevant times Peanut was aware that Crawford did not have running hot water, or have a mattress in his cell.

213. Peanut (Holmen) knew or should have known that Crawford not having hot water or a mattress in his cell was a serious need.

214. At all times relevant Peanut (Holmen) was acting under the color of State Law during this action.

215. By allowing Crawford to be in a cell without hot water or a mattress Peanut (Holmen) acted with deliberate indifference to a serious human need.

216. At all times relevant Crawford has been harmed as an actual and proximate result of Peanut's (Holmen) deliberate indifference to a serious human need.

## Count IVX

(Against C/O Ragusa)

217. Crawford re-alleges paragraphs 1-114

218. Crawford has a right under the Eighth Amendment against cruel and unusual punishment.

219. Crawford has a right under the Constitution to be free of retaliation for expressing his rights of free speech under the First Amendment.

220. Crawford filing a grievance against C/O's Anastacio and Cannahan for

violating a serious human need was a
basic human right.

221. At All relevant times Ragusa knew ~~that~~
and was aware that Crawford had a right
to file grievances against C/O's Anastacio and
Cannahan.

222. Ragusa knew or should have known that
Crawford not having hot water and no
Mattress was a serious human need

223. By retaliating against Crawford for
filing grievances against C/O's Anastacio
and Cannahan, and writing a false disciplinary
report on Crawford Ragusa acted with
deliberate indifference to Crawford's
Constitutional Rights.

224. At all times relevant to this action
Ragusa under color of State Law.

225. Crawford has been harmed as an
actual and proximate result of Ragusa
deliberate indifference

Count XV
(Against Danalwhich)

226. Crawford ~~re~~ re-alleges paragraphs 1-114
Crawford has a right under the Eighth
Amendment to be free from Cruel and
unusual punishment while incarcerated at
Stateville.

227. Crawford not having a Mattress
Constitutes a serious human need.

228. At all relevant times Danalwhich was aware that Crawford did not have a Mattress.

229. Danalwhich knew or should have known that Crawford not having a mattress constitutes a serious need.

230. Acting with deliberate indifference Danalwhich allowed Crawford to go without a mattress.

231. At all relevant times to this action Danalwhich acted under color of State Law.

232. Crawford has been harmed as an actual and proximate result of Danalwhich's deliberate indifference to a serious human need.

## Count XVI
### (Against Ms. Hobbs)

233. Crawford re-alleges paragraphs 1-114

234. Crawford has a right under the Eighth Amendment to be free from cruel and unusual punishment while incarcerated at Stateville.

235. Crawford not having a mattress constitutes a serious human need.

236. At all relevant times Hobbs was aware that Crawford did not have a Mattress.

237. Hobbs ~~knew~~ knew or should have known that Crawford not having a mattress was a serious need.

238. Allowing Crawford to go without a mattress Hobbs acted with deliberate indifference

to a serious human need.

239. At all times relevant to this action, Hobbs acted under color of State Law.

240. Crawford has been harmed as an actual and proximate result of hobbs's deliberate indifference to a serious human need.

## Count XVII
### (Against Anna Mc Bee)

241. Crawford re-alleges paragraphs 1-114

242. Crawford has a right under the Eigth Amendment to be free of cruel and unusual punishment while being incarcerated at Statevplle.

243. Crawford filing of a grievance constitues the ~~~~ excorising of his rights, and is afforded due process under such rights.

244. At all relevant times McBee was aware that Crawford's grievance was afforded due process of an investigation.

245. McBee knew or should have known that all grievances are suppose to be investigated.

246. By not investigating Crawford's grievance of disciplinary ticket #2016010/-1 McBee acted with deliberate indifference to Crawford's rights of due process.

247. At all times relevant to this action McBee acted under color of State Law

248. Crawford has been harmed as an actual and ~~~~ proximate result of McBee's deliberate indifference.

## Count XVIII
### (Against Wendall Venerable)

249. Crawford re-alleges paragraphs 1-114

250. Crawford has a right under the Eighth Amendment to be free from cruel and unusual punishment while incarcerated at Stateville.

251. Crawford's filing of a grievances is an excerise of a basic human right.

252. At all times relevant Vewerable was aware that ticket #2061010/1-STA was writen in retailation.

253. Venerable knew or should have known that Crawford's ticket was falsified.

254. By allowing Crawford to be found guilty of ticket #2061010/1-STA without any investigation, or evidence presented against Crawford. Also with writen & verbal testimony gave that Crawford was making a noose, Vewerable acted with deliberate indifference to Crawford's due process rights.

255. Crawford has been harmed as an actual and proximate result of Venerable's deliberate indifference

## Count ~~████~~ XIX
### (Against RN Lidia Diaz)

256. Crawford has re-alleged parargraphs 1-114

257 Crawford has a right under the Eighth Amendment to be free from cruel and unusual punishment. While incarcerate at Stateville.

258. Crawford not having a mattress constitues a serious human need.

259. RN Lidia at all relevant times was aware of the physical pain Crawford suffered from sleeping on the bare steel frame.

260. RN Lidia knew or should have known that sleeping on bare steel cause certain pains to the human body.

261. By refusing to treat Crawford's pains RN Lidia acted with deliberate indifference to a basic human need.

262. By charging Crawford a $5 co-pay absent administering any treat RN Lidia acted with deliberate indifference to commiting fruad.

263. RN Lidia acted with deliberate indifference by refusing to see Crawford again for sick call, and telling Sgt. Whitfield, "DON't let him out. He's refusing." RN Lidia falsied testimony.

264. At all times relevant to this action RN Lidia acted with deliberate indifference under color of state Law.

265. Crawford has been harmed as an actual and proximate result of RN Lidia's deliberate indifference

### Count XX
#### (Against Dr. Salah Obaisi)

266. Crawford re-alleges paragraphs 1-114

267. Crawford has a right under the Eighth Amendment against cruel and unusual punishment

while incarcerated at Stateville.

268.     Crawford not having a mattress constitues a serious human need.

269.     At all relevant times Dr. Obaisi was aware of the pain Crawford suffered from while sleeping on the bare steel frame.

270.     Dr. Obaisi knew or should have known that sleeping on bare steel causes certain pains to the human body.

271.     Upon information and belief it is a practice of Dr. Obaisi's to not document inmates medical charts during or after visits.

272.     Upon information and belief it is a common practice of Dr. Obaisi's to avoid sending inmates out for any testing other than an X-ray.

273.     By not treating Crawford's pains, or sending him out for farther test Dr. Obaisi acted with deliberate indifference.

274.     By not charting Crawfords' medical file during or after his visit Dr. Obaisi acted with deliberate indifference to a serious human need.

275.     At all times relevant Dr. Obaisi acted under color of State Law

276.     Crawford has been harmed as an actual and proximate result of Dr. Obaisi's deliberate indifference to Crawford's serious human need.

# CONCLUSION

Crawford re-allges that Not having hot water or a mattress for more than a weeks time deprived Crawford of his rights under the 8th Amendment. Then Crawford was writen a disciplinary ticket in retailation for writing these grievances violated Crawford's 1st & 14 amendment rights. Deprivation of these Constitutional Rights under the 42 U.S.C. 1983 for cruel and unusual punishment due to inadequate living condictions.

Crawford re-alleges paragraphs 1-51. stated in the statement of facts as if fully set forth herein.

On information and belief Crawford believes that all defendants were aware and knew that Crawford's cell was in unfit living conditions, and did not submit a work order or get Crawford a matteress in a timely manner.

Upon information and belief Lt. Best and Venerable were aware and knew that Crawford is label SMI due to his mental illness, and that all SMI tickets are to be heard with a Mental health staff member present. Not having a mental health staff member violated Crawford's rights under the Persons With Disablities Act.

Upon information and belief the alleged clothes lines were suppose to be entered as evidence for a guilty verdict to be given,

Upon information and belief the actions of all defend-
ants have caused Crawford both mental and emotiol harm,
which violates the 8th Amendment.

Relief

Wherefore, Crawford prays this honorable court to
award Plaintiff:

a) award compensatory damages from all defendants in
an amount to be determined at trial.

b) award punative damages for suffering mental anguish
pain & suffering in mind and body. Crawford also ask that
this amount be determined at trial

c) award court cost and any other fees or additional
relief this court deems just. Plaintiff request a jury trial.

CERTIFICATION

By signing this complaint, I certify that the facts
stated in this complaint are true and accurate to
the best of my knowledge, information provided and
Crawford's beliefs.

Respectfully Submitted

DeAndre Crawford

DeAndre Crawford #M30080
P.O. Box 112
Joliet, IL. 60434

DeAndre Crawford # M30080
P.O. Box 112
Joliet, IL. 60434

1:18-cv-04882
Judge Edmond E. Chang
Magistrate Judge Jeffrey T. Gilbert
PC3

07/17/2018-58

United States District Court
Northern District of Illinois
219 S. Dearbon ST.
Chicago, Illinois 60604

Legal Mail

Legal Mail

Legal Mail

Legal Mail



IDOC INMATE
LEGAL MAIL

US POSTAGE
$ 002.05⁰
ZIP 60403
042 1W
0001594077 JUL 13 2018