044633/19344/MHW/JJL/BRF

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DEANDRE CRAWFORD,<br><br>         Plaintiff,<br><br>v.<br><br>DR. ANGUINALDO, C/O ANASTACIO, C/O CANNAHAN, C/O RAGUSA, CHIEF ENGINEER DOLY, C/O DANALWHICH, L. DIAZ, LT. BENNETT, LT. BURKBILE, LT. MR. GIVENS, SGT. CARROLL, SGT. HART, SGT. HEPLIN, SGT. WHITFIELD, WARDEN PFISTER, DR. SALAH OBAISI, and WEXFORD HEALTH SOURCES, INC. (nominal defendant),<br><br>         Defendants. | Case Number 18-cv-4882<br><br>Hon. Judge Edmond E. Chang |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

NOW COME Defendants, EVARISTO AGUINALDO, M.D., and GHALIAH OBAISI, as Independent Executor of the Estate of SALEH OBAISI, M.D., by and through their attorneys of CASSIDAY SCHADE LLP, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, and for their memorandum of law in support of their motion for summary judgment for Plaintiff's failure to exhaust his administrative remedies, state as follows:

### BACKGROUND

Plaintiff is an inmate within the Illinois Department of Corrections ("IDOC") and is currently incarcerated at Lawrence Correctional Center ("Lawrence"). On July 17, 2016, Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983. On October 28, 2018, this Court found that Plaintiff had stated 20 claims against various IDOC and Wexford Health Sources, Inc.

("Wexford") defendants, including Evaristo Aguinaldo, M.D. and Saleh Obaisi, M.D[1]. [ECF Doc. 4]. Most of the allegations in Plaintiff's Complaint are directed toward IDOC staff for allegedly taking Plaintiff's mattress and retaliating against him for various reasons. [ECF Doc. 4]. As it relates to the instant defendants, Plaintiff alleged in Counts 19 and 20 that Dr. Aguinaldo and Dr. Obaisi failed to provide appropriate medical treatment in response to Plaintiff's complaints of pain after he slept without a mattress from approximately July 12 through July 29, 2016, in violation of the Eight Amendment. [ECF Doc. 4, pp. 2-3].

Defendants respectfully submit that no genuine issue of material fact exists regarding Plaintiff's failure to exhaust his administrative remedies prior to filing suit as required by the Prison Litigation Reform Act, and Defendants are entitled to summary judgment.

## UNDISPUTED MATERIAL FACTS

Per this Court's Online Case Procedure, "All statements of undisputed material facts and their responses shall be filed separately from the memoranda of law and shall include the line, paragraph, or page number where the supporting material may be found in the record." To this end, filed contemporaneously with and incorporated by reference herein is Defendants' Statement of Undisputed Material Facts in Support of their Motion for Summary Judgment.

## ARGUMENT

Defendants respectfully submit that no genuine issue of material fact exists regarding Plaintiff's failure to exhaust his administrative remedies prior to filing suit as required by the Prison Litigation Reform Act, and Defendants are entitled to summary judgment. It is not disputed that Plaintiff submitted multiple grievances related to his lack of a mattress and the back pain resulting therefrom. However, Plaintiff at no time grieved any misconduct by either of the

---

[1] Dr. Saleh Obaisi died in December 2017, and an appearance and answer has been filed on behalf of his Estate.

2

instant defendants. Plaintiff failed to address his allegations against Dr. Obaisi and Dr. Aguinaldo with Stateville before initiating federal litigation, as he is required to do.

Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act since he failed to name, identify, or otherwise describe either Dr. Obaisi or Dr. Aguinaldo in any of his grievances. Therefore, Defendants are entitled to summary judgment.

## I.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act, 42 U.S.C. §1997e(a), provides in pertinent part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." See *Pavey v. Conley*, 544 F.3d, 739, 740 (7th Cir. 2008). "Complaints about medical treatment in prison are complaints about 'prison conditions.'" *Perez v. Wisconsin Dep't. of Corr.*, 182 F.3d 532, 534 (7th Cir.1999). The exhaustion requirement is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 988 (2002).

All suits filed under section 1983 or any other Federal law and involving prison conditions fall under the exhaustion requirement. 42 U.S.C. §1997e(a). Congress enacted section 1997e(a) to reduce the quantity and improve the quality of prisoner suits. *Porter*, 534 U.S. at 524. The Seventh Circuit takes a "strict compliance approach" to exhaustion. *Maddox v. Love*, 655 F.3d 709, 720-21 (7th Cir. 2011). Even an inmate only seeking money damages, a remedy not available through the administrative process, must still exhaust all administrative remedies before filing suit. *Booth v. Churner*, 532 U.S. 731 (2001); see also *Perez*, at 537. The remedies available need not be "plain, speedy, and effective." *Porter,* at 524.

Exhaustion of administrative remedies is a condition precedent to filing suit. *Perez,* at 535. A plaintiff's suit must be dismissed if administrative remedies are not fully and properly exhausted. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (holding that a prisoner cannot satisfy exhaustion requirement by filing untimely or otherwise procedurally defective grievances). To fulfill the exhaustion requirement, prisoners must follow the administrative steps established by the state. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

According to the grievance procedure in Illinois, offenders in the custody of the Illinois Department of Corrections must first try to resolve their issues through their counselor. 20 Ill. Admin. Code § 504.810. If the issue persists, the offender may file a grievance addressed to the Grievance Officer within 60 days after the incident was discovered. *Id*. The grievance shall be addressed to the Grievance Officer and must contain factual details, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. 20 Ill. Adm. Code Section 504.810(c). The Grievance Officer shall review the grievance and report findings and recommendations in writing to the Chief Administrative Officer. 20 Ill. Adm. Code Section 504.830(e). The CAO will advise the offender of the decision. *Id.* If the offender is still not satisfied with the outcome, they may then appeal to the Director within 30 days of the decision. 20 Ill. Admin. Code § 504.850. The Director determines whether a hearing before the ARB is required. *Id.* If the grievance is without merit or a hearing is not necessary, the offender is notified. *Id.* Unless and until a final decision is issued by the ARB, the offender has not completely exhausted his administrative remedies. *Id*.

II. **PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES**

Plaintiff was an inmate within the IDOC at the time he filed the instant lawsuit. [Statement of Undisputed Material Fact ("SUMF") 2]. Defendants Dr. Obaisi and Dr. Aguinaldo

4

served as medical professionals at Stateville at the times relevant to this lawsuit. [SUMF 3-4]. Accordingly, because the Plaintiff has brought an action under section 1983, and was confined in a correctional facility, section 1997e applies to the case at bar. Therefore, Plaintiff must exhaust his administrative remedies with respect to his Eighth Amendment deliberate indifference claims against Defendants.

**Plaintiff failed to name, identify, or otherwise describe defendants Dr. Obaisi and Dr. Aguinaldo in his grievances.**

In order to exhaust, Plaintiff was required to provide the name of each person who was involved or was the subject matter of his complaint in his grievance. 20 Ill. Adm. Code Section 504.810(c). If the Plaintiff did not know the name of a person that he wanted to include in his grievance, he must have included as much descriptive information about the person as possible. *Roberts v. Neal*, 745 F.3d 232, 236 (7th Cir. 2014). Indeed, the grievant must indicate "that [the individual] was the target." *Id*. at 235. *See also Gray v. Ghosh*, 2014 U.S. Dist. LEXIS 90486, at *10-11 (N.D. Ill. July 3, 2014) (Court dismissed multiple defendants since Plaintiff failed to mention them, and because the grievance was not targeted toward them); *White v. Jones*, 2011 WL 843958, at *5 (C.D. Ill. Mar. 8, 2011) (A plaintiff's grievance must include identifying information and intend to name unidentified individuals).

The Seventh Circuit emphasizes that the purpose of exhaustion is to give prison officials an opportunity to address the inmate's claims administratively or internally, prior to federal litigation. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). "That purpose is thwarted if an inmate is permitted to include in his federal complaint correctional officials not named in his prison grievance." *Tellez v. Walker*, No. 07-0225, 2009 WL 1470403, at *6 (S.D. Ill. May 27, 2009).

In this case, it is not disputed that Plaintiff filed multiple grievances about being deprived of a mattress from July 12 – July 29, 2016, and the pain he experienced as a result. Plaintiff names a multitude of IDOC individuals in all his grievances, but identifies only defendant nurse Lidia Diaz as it pertains to Plaintiff's statements of alleged inadequate medical care. [SUMF 8, 11]. Plaintiff does not identify or designate Defendants Dr. Obaisi and Dr. Aguinaldo by name, description, position, or other identifying information. In fact, Plaintiff only complains of "R.N. Lidda (the short one)." [SUMF 8, 11]. He makes absolutely no allegations against the instant Defendants that relate to his Complaint.

Prison officials would not be on notice that these particular Defendants were involved. In *White v. Jones*, at *5, the court rejected the plaintiff's contention that he properly named or described the defendants by referring to them as "all Pontiac Corr. Ctr. Staff involved." A blanket assertion of referring to all staff involved is not sufficient. *Id*. In this case, Plaintiff does much less than even providing a blanket statement intended to encompass Dr. Obaisi and Dr. Aguinaldo – he fails to mention them outright. At a minimum, Plaintiff could have indicated in his grievance he was denied adequate medical care by the prison doctors if he did not know their names. Instead, the prison was not put on notice to investigate its medical director and staff physician, only "R.N. Lidda."

## CONCLUSION

Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act since none of his grievances complied with 20 Ill. Admin. Code § 504 and the Seventh Circuit's exhaustion requirements. Plaintiff robbed prison officials the opportunity to address Defendants' alleged shortcomings at the prison so that they could address the issues internally. Here, prison officials were not given the opportunity to fully address each of the

6

Defendants' alleged wrongful conduct, shortcomings, actions, and/or inactions. This case is an example of why federal law and Illinois statutes and codes require an inmate to exhaust their remedies prior to initiating federal litigation.

Defendants respectfully submit that no genuine issue of material fact exists regarding Plaintiff's failure to exhaust his administrative remedies prior to filing suit as required by the Prison Litigation Reform Act, therefore, Defendants are entitled to summary judgment.

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request that this honorable Court grant their Motion for Summary Judgment on the issue of exhaustion.

        Respectfully submitted,

        CASSIDAY SCHADE LLP

        By: /s/ Brett R. Furmanski
            One of the Attorneys forDefendants,
            GHALIAH OBAISI, as Independent Executor
            of the Estate of SALEH OBAISI, M.D. and
            EVARISTO AGUINALDO, M.D.

Matthew H. Weller | 6278685
Joseph J. Lombardo | 6306466
Brett R. Furmanski | 6326924
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 (Fax)
mweller@cassiday.com
jlombardo@cassiday.com
bfurmanski@cassiday.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2019 I electronically filed the foregoing document with the clerk of the court for Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

/s/ John Barrette

9158708 BFURMANS;JBARRETT