UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DeAndre Crawford,**  *Plaintiff*,  v.  **Charles Best, et al.,**  *Defendants.* | **Case Number 1:18-cv-4882**  **Judge Mary M. Rowland** |

**PLAINTIFF'S RESPONSE TO DEFENDANT AGUINALDO'S AND DEFENDANT OBAISI'S RULE 56.1 STATEMENT AND PLAINTIFF'S LOCAL RULE 56.1 STATEMENT OF ADDITIONAL FACTS**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1(b)(3), Plaintiff DeAndre Crawford hereby responds to defendant Aguinaldo's and defendant Obaisi's Rule 56.1 Statement of Material Facts filed on June 4, 2019. (ECF No. 62). All facts admitted herein are admitted for purposes of responding to the instant motion only; these admissions should not be construed as admissions for purposes of trial.

**PLAINTIFF'S RESPONSES TO AGUINALDO'S AND OBAISI'S UNDISPUTED MATERIAL FACTS**

1. Plaintiff, DeAndre Crawford #M30080, is an inmate of the IDOC and is currently incarcerated at Lawrence in Sumner, Illinois. *See* Plaintiff's IDOC Offender Search Profile, attached hereto as Exhibit "1".

    **Response:** Undisputed.

2. On July 17, 2016, Plaintiff filed his Complaint in this prisoner civil rights lawsuit, pursuant to 42 U.S.C. § 1983 while he was incarcerated at Stateville Correctional Center ("Stateville"). *See* Plaintiff's Complaint, attached hereto as Exhibit "2".

    **Response:** Undisputed.

3. Defendant Dr. Saleh Obaisi was employed as the medical director of Stateville at the times relevant to this lawsuit. [ECF Doc. 5, ¶ 21].

**Response:** Undisputed.

4. Defendant Dr. Aguinaldo was employed as a medical doctor at the times relevant to this lawsuit. [ECF Doc. 5, ¶ 22].

**Response:** Undisputed.

5. Plaintiff alleges Defendants Dr. Aguinaldo and Dr. Obaisi failed to prescribe treatment or pain medication for Plaintiff when he presented to them for pain about the time he was deprived of his mattress by IDOC staff. [ECF Doc. 5, ¶¶ 107-110].

**Response:** Undisputed.

6. On February 8, 2019, the Administrative Review Board ("ARB") was served with a subpoena requesting any and all grievances records of the Plaintiff, Deandre Crawford (#M30080). *See* ARB Subpoena and Returned Grievance Records, attached hereto as Exhibit 3, bates-stamped documents ARB - Crawford 000001-231.

**Response:** Undisputed.

7. On July 15, 2016, Plaintiff filed a grievance that relates to his allegations that he was deprived of a mattress by the IDOC facility. [Ex. 3, ARB - Crawford 000062-63]. However, this grievance does not name, identify, or otherwise describe Defendants Aguinaldo or Obaisi, and does not mention their alleged misconduct whatsoever. *Id*.

**Response:** Undisputed.

8. On July 17, 2016, Plaintiff filed an emergency grievance related to his allegations that he was deprived of a mattress by the IDOC facility. [Ex. 3, ARB - Crawford 000056]. However, this grievance does not name, identify, or otherwise describe Defendants Aguinaldo or Obaisi, and does not mention their alleged misconduct whatsoever. *Id*. Stateville's Warden marked this grievance as a "non-emergency" and directed Plaintiff to submit the grievance "in the normal manner." *Id*.

**Response:** Plaintiff does not dispute that his July 17, 2016 grievance does not identify or describe defendants Aguinaldo or Obaisi. However, Plaintiffs further states that his July 17, 2016 grievance stated that he was experiencing pain attributable to having to sleep on bare mattress and that he needed medical care. [Ex. 3, ARB – Crawford 000056].

9. On July 18, 2016, Plaintiff filed an emergency grievance related to his allegations that he was deprived of a mattress by the IDOC facility. [Ex. 3, ARB - Crawford 000054].

2

However, this grievance does not name, identify, or otherwise describe Defendants Aguinaldo or Obaisi, and does not mention their alleged misconduct whatsoever. *Id*. Stateville's Warden marked this grievance as a "non-emergency" and directed Plaintiff to submit the grievance "in the normal manner." *Id*.

**Response:** Plaintiff does not dispute that his July 18, 2016 grievance does not identify or describe defendants Aguinaldo or Obaisi. However, Plaintiff further states that his July 18, 2016 grievance did alert the prison to his medical issues attributable to having to sleep on a bare-steel bedframe. Specifically, Plaintiff stated that he had begun experiencing pain in his back, shoulder, and hips because of how he was forced to sleep.

10. On July 19, 2016, Plaintiff filed an emergency grievance related to his allegations that he was deprived of a mattress by the IDOC facility. [Ex. 3, ARB - Crawford 000055]. However, this grievance does not name, identify, or otherwise describe Defendants Aguinaldo or Obaisi, and does not mention their alleged misconduct whatsoever. *Id*. Stateville's Warden marked this grievance as a "non-emergency" and directed Plaintiff to submit the grievance "in the normal manner." [Ex. 3, ARB - Crawford 000055].

**Response:** Undisputed.

11. On July 20, 2016, Plaintiff filed a grievance that relates to his allegations that he was deprived of a mattress by the IDOC facility. [Ex. 3, ARB - Crawford 000052-53]. However, this grievance does not name, identify, or otherwise describe Defendants Aguinaldo or Obaisi, and does not mention their alleged misconduct whatsoever. *Id*.

**Response:** Plaintiff does not dispute that he filed a grievance related to his allegations that he was deprived of a mattress by Stateville. Plaintiff also does not dispute that his July 20, 2016 grievance does not specifically identify or describe defendants Aguinaldo or Obaisi. However, Plaintiff states that his July 20, 2016 grievance did alert Stateville to his medical issues attributable to having to sleep on a bare-steel bedframe. Specifically, Plaintiff stated that as a result of having to sleep on a steel bedframe for over a week, he had begun experiencing "severe pain" in his hips, back, and both shoulders. Plaintiff further stated in his July 20, 2016 grievance that he had sought medical care from Stateville's medical staff, but they refused to provide him treatment. With

3

respect to the relief sought, Plaintiff specifically requests "medical treatment for [his] hips, back and both shoulders." [Ex. 3, ARB – Crawford 00052-53].

    12.    On July 23, 2016, Plaintiff filed a grievance that relates to his allegations that he was deprived of a mattress by the IDOC facility. [Ex. 3, ARB - Crawford 000059-60]. However, this grievance does not name, identify, or otherwise describe Defendants Aguinaldo or Obaisi, and does not mention their alleged misconduct whatsoever. *Id*.

    **Response:**  Plaintiff does not dispute that on July 23, 2016 he filed a grievance related to his allegations that he was deprived of a mattress by Stateville. Plaintiff also does not dispute that his July 23, 2016 grievance does not specifically identify or describe defendants Aguinaldo or Obaisi. However, Plaintiff states that his July 23, 2016 grievance did alert Stateville to his medical issues attributable to having been forced to sleep on a bare-steel bedframe. Specifically, Plaintiff stated that as a result of having to sleep on a steel bedframe for over a week, he was "having extreme pain in [his] hips, shoulder and back." [Ex. 3, ARB – Crawford 000059-60]. With respect to the relief sought, Plaintiff specifically requested "medical treatment for [his] hips, back and shoulder." [Ex. 3, ARB – Crawford 00059].

    13.    On July 27, 2016, Plaintiff filed a grievance that relates to his allegations that he was deprived of a mattress by the IDOC facility. [Ex. 3, ARB - Crawford 000057-58]. However, this grievance does not name, identify, or otherwise describe Defendants Aguinaldo or Obaisi, and does not mention their alleged misconduct whatsoever. [Ex. 3, ARB - Crawford 000057-58].

    **Response:**  Undisputed.

    14.    On August 10, 2016, the facility grievance officer reviewed Plaintiff's July 15, 2016 grievance (Grievance #3165) and found the issue was moot since Plaintiff received a mattress on July 29, 2016. [Ex. 3, ARB – Crawford 000051].

Response: Plaintiff does not dispute that on August 10, 2016, Stateville's grievance officer reviewed Plaintiff's July 15, 2016 grievance (Grievance #3165) and found the issue stated in that grievance moot since Plaintiff received a mattress on July 29, 2016. However, Plaintiff further states that despite the fact that the August 10, 2016 denial referred only to Plaintiff's July 15, 2016 grievance, the grievance officer's failure to explicitly address Plaintiff's six other grievances

4

identified above in Paragraphs 8-13 constituted a denial of those grievances and exhaustion of Plaintiff's administrative remedies. *See Santiago v. Anderson*, 496 Fed. Appx. 630, 638 (7th Cir. 2012) ("Section 1997e(a) requires inmates to exhaust only those remedies that are "available," and when prison administrators indefinitely delay acting on a grievance, they have made the administrative process unavailable." (citing *Hurst v. Hantke*, 634 F.3d 409, 411 (7th Cir. 2011)).

15. On August 18, 2016, Plaintiff appealed his July 15, 2016 grievance to the ARB. [Ex. 3, ARB – Crawford 000051].

**Response:** Plaintiff does not dispute that on August 18, 2016 he appealed his July 15, 2016 grievance to the Administrative Review Board. However, Plaintiff further states that to the extent the grievance officer's failure to respond to the six other grievances identified above in Paragraph 8-13 did not constitute a de facto exhaustion of those grievances, *see Santiago*, 496 Fed. Appx. at 411 (holding that prisoner exhausts his administrative remedies when state fails to timely respond and render a decision), Plaintiff also appealed those six grievances. [*See* Ex. 3, ARB – Crawford 000051].

16. On March 2, 2017, the ARB found Plaintiff's grievance (Grievance #3165) moot since he received a mattress on July 29, 2016. [Ex. 3, ARB – Crawford 000050].

**Response:** Plaintiff does not dispute that on March 2, 2017, the ARB found Plaintiff's July 15, 2016 grievance moot because he received a mattress on July 29, 2016. However, Plaintiff further states that the ARB considered and denied the six other grievances identified above in Paragraphs 8-13, all of which Plaintiff appealed to the ARB to the extent the grievance officer's failure to respond constituted a de facto exhaustion of those grievances. [*See* Ex. 3, ARB – Crawford 000050-51].

17. Plaintiff submitted no additional grievances that relate to the allegations contained in his Complaint. *See generally* Ex. 3, all ARB grievance documents.

**Response:** Undisputed.

5

## **PLAINTIFF DEANDRE CRAWFORD'S RULE 56.1 STATEMENT OF ADDITIONAL FACTS**

1. On July 12, 2016, Stateville's "Orange Crush" team performed a facility-wide shakedown of Stateville Correctional Center. (ECF No. 5, Plaintiff's Complaint ("Compl.") ¶ 63; ECF No. 60-3, ARB Subpoena and Returned Grievance Records ("ARB Records"), at ARB-Crawford 000057-58 (counselor response discussing shakedown)).

2. During the July 12, 2016 Orange Crush shakedown, Plaintiff's cell was searched and his mattress was removed, which forced Crawford to sleep on a steel bedframe. (ECF No. 5, Compl. ¶ 64; ECF No. 60-3, ARB Records, at ARB-Crawford000057-58 (counselor response discussing shakedown)).

3. Crawford repeatedly requested a replacement mattress, but Stateville's correctional officers refused to provide a usable replacement. (ECF No. 5, Compl. ¶¶ 65-92; ECF No. 60-3, ARB Records, at ARB-Crawford000057-58, 61-62).

4. Sleeping on a bare-steel bedframe for nearly three weeks caused Crawford severe pain in his shoulders, back, and hips. (ECF No. 5, Compl. ¶ 103; ECF No. 60-3, ARB Records, at ARB-Crawford000052, 54, 56, 60 (discussing Crawford's medical complaints and requests for medical treatment)).

5. Crawford did not receive a replacement mattress until July 29, 2016. (ECF No. 60-3, ARB Records, at ARB-Crawford000050-51).

6. Plaintiff submitted seven separate grievances related to the removal of his mattress and the lack of medical care for the injuries he sustained sleeping on a steel bedframe. (ECF No. 60-3, ARB Records, at ARB-Crawford 000050-63).

**7.** Four of the seven grievances Plaintiff submitted related to both the removal of his mattress and Crawford's requests for medical treatment. These grievances and their contents included the following:

**(a)** July 17, 2016 (Grievance No. 2845): Crawford states that he has been without a mattress since July 12, 2016. Crawford further states, "sleeping on steel has cause[d] a sharp shooting pain in my back, and pain in my hips and shoulders." With respect to the relief sought, Crawford explicitly requests medical care. (ECF No. 60-3, ARB Records, at ARB-Crawford000056))

**(b)** July 18, 2016 (Grievance No. 2932): Crawford again requests a mattress and complains that he is "experiencing pain in [his] back, shoulder and hips." (ECF No. 60-3, ARB Records, at ARB-Crawford000054)).

**(c)** July 20, 2016 (Grievance No. 3088): Crawford states that he is still without a mattress. He also writes, "[h]aving to sleep on the bare steel is causing my hips, back and both shoulders severe pain." ((ECF No. 60-3, ARB Records, at ARB-Crawford000052)). He further states that he was "seen but not treated by [defendant Lydia Diaz R.N.]." (*Id.*). Crawford explicitly states that the lack of treatment constitutes deliberate indifference to his medical needs. (*Id.*, at ARB-Crawford000053). In addition to requesting a mattress, Crawford requests that the prison provide him "medical treatment for [his] hips, back and both shoulders." (*Id.* at ARB-Crawford000052).

**(d)** July 23, 2016 (Grievance No. 3166): Crawford again states that he is "having extreme pain in [his] hips, shoulder, and back." (ECF No. 60-3, ARB Records, at ARB-Crawford000060)). With respect to the relief sought, he again

2

requested "medical treatment for [his] back, hips and shoulder." (*Id.* at ARB-Crawford000059))

8.     On August 10, 2016, IDOC's grievance officer responded to Crawford's grievances and recommended that the Chief Administrative Officer deny Crawford's requests for relief because Crawford eventually received a mattress on July 29, 2016. The Chief Administrative Officer concurred in the grievance officer's recommendation and denied Plaintiff's grievances on August 11, 2016. (ECF No. 60-3, ARB Records, at ARB-Crawford000051).

9.     On August 18, 2016, Crawford appealed all seven of the grievances he filed related to his mattress and the lack of medical care to the Administrative Review Board. (ECF No. 60-3, ARB Records, at ARB-Crawford000063).

10.    On March 2, 2017, the Administrative Review Board denied Crawford's grievances as "moot," citing the fact that he eventually received a replacement mattress on July 29, 2016. Crawford's medical care claims were addressed and denied by the Administrative Review Board, which instructed Crawford to "address any medical issues via sick call." (ECF No. 60-3, ARB Records, at ARB-Crawford000050).

October 24, 2019                                   Respectfully submitted,

/s/ *Samuel P. Myler*
Mark McLaughlin
Marc R. Kadish
Samuel P. Myler
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606-4637
Tel: (312) 782-0600
Fax: (312) 706-8238

3

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 24, 2019, a copy of the foregoing was filed electronically using the Court's CM/ECF system. Counsel for all parties will receive notice and a copy of the foregoing via the Court's CM/ECF system.

                                          /s/ *Samuel P. Myler*
                                          Attorney for Plaintiff